TUNG CHI JEN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, LOS ANGELES, CALIFORNIA, Respondent.

No. 76–3051.

United States Court of Appeals, Ninth Circuit.

Dec. 29, 1977.

Willington Y. Kwan (argued), Los Angeles, Cal., for petitioner.

Peter H. Kane, Asst. U. S. Atty. (argued), Los Angeles, Cal., for respondent.

Before BROWNING and MERRILL, Circuit Judges, and HARPER *, District Judge.

PER CURIAM:

Petitioner Jen appeals from the decision of the Board of Immigration Appeals, upholding the immigration judge's order that petitioner be deported pursuant to 8 U.S.C. § 1251(a)(9) as a nonimmigrant alien seaman who had overstayed his 29-day crewman's landing permit.

The immigration judge's finding of deportability was based on evidence petitioner claims was seized in violation of his fourth amendment rights. Petitioner objected to use of this evidence at his deportation hearing. Petitioner also invoked his fifth amendment privilege against testifying at the hearing. The government sought a continuance to submit other proof of deportability independent of the allegedly "tainted" evidence. The immigration judge denied the motion for continuance as premature, and proceeded to consider and deny petitioner's constitutional claims on the merits. Petitioner appeals the deportation order on the grounds that it rests entirely upon evidence illegally seized.

Petitioner raises serious constitutional issues. Federal courts will not resolve such claims if an alternative, non-constitutional basis for decision is available. E. g., Hagans v. Lavine, 415 U.S. 528, 546–49,

94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). The immigration judge's denial of the government's motion for continuance precluded the government from establishing deportability by untainted evidence, which, in view of the nature of the particular case, was no doubt readily available.

Because the government prevailed on the constitutional issues, it has not challenged the immigration judge's refusal to avoid those issues by permitting the government to present evidence of deportability untainted by the asserted constitutional violations. We consider the issue *sua sponte* because of the "traditional practice of . . . refusing to decide constitutional questions when the record discloses other grounds of decision, whether or not they have been properly raised . . . by the parties." *Neese v. Southern Railway Co.*, 350 U.S. 77, 78, 76 S.Ct. 131, 132, 100 L.Ed. 60 (1955).

The rule that constrains this court from resolving a constitutional issue when a non-constitutional ground of decision is available must bind the courts and administrative agencies this court reviews, for if it did not, such courts and agencies by unnecessarily deciding constitutional issues would compel this court to resolve these issues as well, thus frustrating the rule of restraint and the important "considerations of sound judicial administration" that it serves. *Alma Motor Co. v. Timken Co.*, 329 U.S. 129, 136–37, 142, 67 S.Ct. 231, 91 L.Ed. 128 (1946). *See Youakim v. Miller*, 425 U.S. 231, 236–37, 96 S.Ct. 1399, 47 L.Ed.2d 701 (1976) (per curiam). *See also Aircraft & Diesel Corp. v. Hirsch*, 331 U.S. 752, 772–73, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); *Montana Chapter of Ass'n of Civ. Tech., Inc. v. Young*, 514 F.2d 1165, 1167–68 (9th Cir. 1975). We therefore vacate the order of the Board of Immigration Appeals and remand to the Immigration and Naturalization Service for decision of the non-consti-

---

* Honorable Roy W. Harper, Senior United States District Judge, Eastern District of Missouri, sitting by designation.

tutional issue that may be dispositive of the case.

Vacated and remanded.