**Gaspar Mayoral GUTIERREZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 1984.

Decided Oct. 16, 1984.

Timothy S. Barker, Los Angeles, Cal., for petitioner.

Lauri Steven Filppu, Washington, D.C., for respondent.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

Gutierrez appeals the Board of Immigration Appeals' order of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a) (1982). The BIA ordered Gutierrez deported after finding that he had committed an entry without inspection, and that he was ineligible for discretionary relief. In so doing, the BIA rejected petitioner's claim that the equal protection component of the due process guarantee of the fifth amendment required the availability of such discretionary relief. *See Tapia-Acuna v. INS,* 640 F.2d 223 (9th Cir.1981); *Francis v. INS,* 532 F.2d 268 (2d Cir.1976). Since the determination of this constitutional question was unnecessary to the BIA's resolution of the present case, we vacate its decision and remand for consideration of the alternate ground for decision relied upon by the immigration judge.

In 1966 Gutierrez was admitted to the United States as a lawful, permanent resident alien. In 1973 Gutierrez returned from a short trip to Mexico without his alien registration card (green card). To gain admittance at the border, he claimed to be a United States citizen. Apprehended a few hours later, he pled guilty to a charge of willful misrepresentation to gain entry to the United States, *see* 8 U.S.C. § 1325(3) (1982), and served 25 days in custody. He was then transported to Mexico, from which he lawfully reentered the United States, having obtained his green card.

In 1976 Gutierrez pled guilty to a charge of conspiracy to distribute cocaine. As a result of this conviction, the INS commenced deportation proceedings against Gutierrez, alleging deportability both for the cocaine conviction, 8 U.S.C. § 1251(a)(11) (1982), and for entry without inspection, *i.e.,* the 1973 entry by misrepresentation of citizenship, 8 U.S.C. § 1251(a)(2) (1982). Gutierrez requested discretionary relief from deportation. *See* 8 U.S.C. § 1182(c) (1982); *Tapia-Acuna,* 640 F.2d 223; *Francis,* 532 F.2d 268.

The immigration judge found: (1) an entry without inspection; (2) deportability both for the entry without inspection and for the cocaine conviction; (3) unavailability of discretionary relief for aliens deportable for entry without inspection; (4) termination of Gutierrez's status as lawful, permanent resident alien, as of his entry without inspection, making him ineligible for relief from deportation on any ground; and (5) unsuitability of discretionary relief because of the two convictions.

The BIA affirmance did not rely upon the conclusion of the immigration judge that petitioner is unsuitable for discretionary relief based on his criminal record, an independent determination which, if it had been affirmed, would have disposed of the case. The BIA relied instead on the theory that entry without inspection is a basis for deportation for which no discretionary re-

lief is available. That ground for decision entails a difficult constitutional issue.

In *Francis* the Second Circuit held that, when the basis upon which the INS seeks deportation is identical to a statutory ground for exclusion for which discretionary relief would be available, the equal protection component of the fifth amendment due process guarantee requires that discretionary relief be accorded in the deportation context as well. 532 F.2d at 272–73. The BIA acquiesced in this ruling, *Matter of Silva*, 16 I. & N.Dec. 26, 29–30 (1976), and, thereafter, the Ninth Circuit followed suit. *Tapia-Acuna*, 640 F.2d 223. In the case at bar, the ground for deportation, entry without inspection, has no precise parallel among the explicit grounds for exclusion set forth in 8 U.S.C. § 1182(a). Consequently, *Tapia-Acuna* does not necessarily control the outcome of this case. In fact in *Tapia-Acuna* this court refused to decide whether equal protection analysis requires the availability of discretionary relief for an alien deportable for entry without inspection. We need not decide this question here.

It is well-settled that a court should refrain from deciding a constitutional issue when a non-constitutional ground for decision is available. *Wolston v. Readers' Digest Ass'n, Inc.*, 443 U.S. 157, 161 n. 2, 99 S.Ct. 2701, 2704 n. 2, 61 L.Ed.2d 450 (1979); *Ashwander v. TVA*, 297 U.S. 288, 341, 56 S.Ct. 466, 480, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); *Siler v. Louisville and Nashville R.R. Co.*, 213 U.S. 175, 193, 29 S.Ct. 451, 455, 53 L.Ed. 753 (1909); *Montana Chapter of Ass'n of Civilian Technicians, Inc. v. Young*, 514 F.2d 1165, 1167–68 (9th Cir.1975). This rule must bind not only the courts, but also the administrative agencies which they review, for if it did not, such agencies, "by unnecessarily deciding constitutional issues, would compel the courts to resolve such issues as well." *Tung Chi Jen v. INS*, 566 F.2d 1095, 1096 (9th Cir.1977).

In the present case, the BIA ignored a properly presented basis for decision which involves no questions of constitutional interpretation, *i.e.*, Gutierrez's deportability as a result of his conviction for conspiracy to distribute cocaine. We therefore vacate the order of the Board of Immigration Appeals and remand to the Immigration and Naturalization Service for decision of the non-constitutional issue that may be dispositive of this case.

REMANDED.