# MATTER OF DURAN

## In Deportation Proceedings

## A-14690913

### *Decided by Board March 23, 1989*

(1) An immigration judge in deportation proceedings properly denied the respondent's motion to subpoena government records where the respondent failed to comply with the requirements of 8 C.F.R. § 287.4(a)(2) (1984) by not specifically stating what he expected to prove by such documentary evidence and by not affirmatively showing a diligent effort to obtain the records.

(2) While a subpoena is not required in the instant proceedings and access should generally be given to a person in immigration proceedings concerning records maintained about himself, the respondent failed to show compliance with the requirements of 8 C.F.R. § 103.21 (1984) which permit such access.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Rudy Cardenas, Jr., Esquire
Cardenas & Fifield
229 Main Street, Suite 111
Post Office Box 91
Brawley, California 92227

ON BEHALF OF SERVICE:
Alan S. Rabinowitz
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated September 5, 1984, the immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as an alien who entered the United States without inspection by an immigration officer, denied his requests for relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), and for voluntary departure in lieu of deportation, and ordered that he be deported to Mexico. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a 40-year-old married native and citizen of Mexico, was admitted to the United States for lawful permanent residence on July 30, 1965. The record indicates that the respondent

subsequently attempted to enter the United States on January 18, 1971. On April 12, 1971, the respondent was convicted, on his plea of guilty, in the United States District Court for the Southern District of California, of failure to pay a special tax on marihuana and was sentenced to 2 years in prison. The information upon which the respondent was convicted alleged that he unlawfully imported approximately 150 pounds of marihuana.[1]

The respondent acknowledged that he appeared before an immigration judge in 1972. A Warrant of Deportation (Form I-205), dated June 16, 1972, provides for the exclusion and deportation of the respondent pursuant to section 212(a)(23) of the Act. The record reflects that the Warrant of Deportation was executed on June 20, 1972.

The respondent returned to the United States. In 1981, he apparently was given administrative voluntary departure. The respondent testified that he remained in Mexico 2 weeks before coming back to the United States.

In an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), served on the respondent on July 20, 1982, it was alleged that the respondent was not a citizen or national of the United States but that he was a native and citizen of Mexico who entered the United States without inspection on or about July 3, 1982. He was charged with deportability under section 241(a)(2) of the Act for entering the United States without inspection.

At his hearing, the respondent denied the allegations in the Order to Show Cause and denied deportability. However, he admitted that he was a native and citizen of Mexico and that his parents were natives and citizens of Mexico who had never been citizens of the United States. He also admitted that he last entered the United States in 1982, driving a car and claiming to be a United States citizen.

The respondent further admitted that he had been convicted on July 21, 1982, in a federal court, on his plea of guilty, of entry without inspection in violation of 8 U.S.C. § 1325 (1982). The respondent received a sentence of 120 days in prison.

On appeal, the respondent reiterates the argument he raised below, i.e., that he was eligible for section 212(c) relief at his deportation hearing because his 1972 exclusion hearing resulted in a gross miscarriage of justice. The respondent maintains that it was prejudicial error to deny his motion to subpoena the record of his 1972 exclusion hearing. In this regard, the respondent claims that he was not afforded due process at that hearing by not being informed of his rights, by not being allowed representation by counsel, and by not

---

[1] The respondent alleges that the amount involved was only 80 pounds of marihuana.

being given a full hearing where the Government had the burden of proof.

The respondent submits that a subpoena is necessary in order to obtain the records of his 1972 exclusion hearing. As pertinent, 8 C.F.R. § 287.4(a)(2) (1984) (now codified at 8 C.F.R. § 287.4(a)(2)(ii)(B) (1989)) provided:

A party applying for a subpoena shall be required, as a condition precedent to its issuance, to state in writing or at the proceeding what he expects to prove by such witnesses or documentary evidence, and to show affirmatively that he has made diligent effort, without success to produce the same.

The record reflects that when the respondent appeared at his deportation hearing, he requested the immigration judge to subpoena the records of his prior hearing. However, there is no indication, whatsoever, in this record that the respondent attempted to obtain these records prior to his appearance before the immigration judge. The respondent has failed to show that he made a diligent effort to obtain the records of his 1972 hearing. The respondent also has failed to show that he adequately stated what he expected to prove. The respondent's generalized and conclusory assertions do not state, with any specificity, what he was going to prove. Thus, the respondent has failed to comply with 8 C.F.R. § 287.4(a)(2) (1984).

Further, a subpoena is not required in these proceedings. "Any individual who seeks access to records about himself in a system of records ... must submit a written request in person or by mail to the manager of the particular system of records to which access is sought." 8 C.F.R. § 103.21(a) (1984). Thus, the regulations provide that an individual may have access to the records maintained about himself.[2] See 8 C.F.R. §§ 103.10, 292.4(b) (1984). The regulations also set forth the procedures by which an individual may seek access to those records. See 8 C.F.R. § 103.21 (1984); see also 8 C.F.R. § 103.10(a) (1984).[3]

We have no difficulty concluding that, with the exception of the regulation exemptions, a person in immigration proceedings should be given access to the records maintained about himself by the Immigration and Naturalization Service and by the Executive Office for Immigration Review. In this case, however, the respondent made no showing that he complied with the procedures for obtaining his records. He made no showing that he even attempted to comply with the specified procedures. Thus, the respondent failed to show that he complied with the applicable regulations. We note the respondent made no allegation that, prior to his appearance before the immigra-

---

[2] Some records are exempt. See, e.g., 8 C.F.R. §§ 103.10(b)(2), 103.22 (1984).
[3] The regulations cited in this paragraph are currently in effect.

3

tion judge at the deportation hearing, he attempted to obtain the records of his 1972 exclusion hearing.

In addition, the respondent's claims regarding the "gross miscarriage of justice" at his 1972 exclusion hearing are not only conclusory but also speculative. The respondent alleges no facts to support his claims.[4] Under the circumstances of this case, we find no basis to remand the record for further proceedings.

Moreover, even if the respondent could successfully challenge the 1972 exclusion order,[5] his illegal entry in July 1982 would remain as a wholly independent ground for deportation. *See Ramirez-Juarez v. INS,* 633 F.2d 174 (9th Cir. 1980); *Hernandez-Almanza v. United States Department of Justice,* 547 F.2d 100 (9th Cir. 1976). This case arises within the jurisdiction of the United States Court of Appeals for the Ninth Circuit. A section 212(c) waiver of inadmissibility is authorized in deportation proceedings only where the ground of deportability sought to be waived is also a ground of excludability specified in section 212(c). *See Cabasug v. INS,* 847 F.2d 1321 (9th Cir. 1988) (section 241(a)(14)). The respondent's reference to *Gutierrez v. INS,* 745 F.2d 548 (9th Cir. 1984), is not applicable inasmuch as that case was qualified by *Cabasug v. INS, supra,* at 1325-26.

The respondent's deportability under section 241(a)(2) of the Act, as an alien who entered the United States without inspection, has been established by clear, unequivocal, and convincing evidence. *See Woodby v. INS,* 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1989). In addition, the respondent is ineligible as a matter of law for relief from deportation under section 212(c). Further, the respondent has failed to adequately identify the reasons underlying his appeal from the denial of voluntary departure.

Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.

---

[4] The respondent admitted, and the record reflects, that he has a 1971 conviction involving at least 80 pounds of marihuana. We note that the respondent's 1971 marihuana conviction would have rendered him excludable under section 212(a)(23) of the Act. We further note that the respondent was excluded and deported pursuant to section 212(a)(23) of the Act.

[5] The respondent was statutorily ineligible for section 212(c) relief at his 1972 exclusion hearing inasmuch as he had not yet acquired the requisite domicile of 7 consecutive years.