Isidro **GONZALEZ–GALVAN,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 00–71699.
INS No. A92–759–131.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided April 8, 2002.

---

Before FERGUSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM *

Isidro Gonzalez–Galvan ("Gonzalez"), a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from a decision of an Immigration Judge. He contends that the BIA erred by: (1) finding him ineligible for relief pursuant to § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c); and (2) failing administratively to close his deportation proceedings to allow him to apply for cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a). We deny the petition.[1]

■ Gonzalez concedes that he committed the deportable offense of entry without inspection in violation of § 241(a)(1)(B) of the INA, 8 U.S.C. § 1251(a)(1)(B). Because this ground for deportation has no counterpart in the exclusion statute, *see Gutierrez v. INS*, 745 F.2d 548, 550 (9th Cir.1984), he is ineligible for a waiver of deportation under INA § 212(c). *See Komarenko v. INS*, 35 F.3d 432 (9th Cir. 1994) (finding an alien ineligible for INA § 212(c) relief for committing a firearms offense with no comparable exclusion provision); *Cabasug v. INS*, 847 F.2d 1321 (9th Cir.1988) (same).

■ This denial of eligibility for INA § 212(c) relief did not violate Gonzalez's right to equal protection of the law under the Fifth Amendment. "The fundamental query in an equal protection claim that does not involve a suspect class is whether '[a] classification [is] reasonable, not arbitrary, and [rests] upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" *Komarenko*, 35 F.3d at 435 n. 1 (quoting *Stanton v. Stanton*, 421 U.S. 7, 14, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975) (citations omitted)).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because deportation proceedings were commenced against Gonzalez prior to April 1, 1997, and the final order of deportation was entered after October 30, 1996, we have jurisdiction over his petition pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000).

While we have extended INA § 212(c) relief to the deportation context where the " 'basis upon which the INS seeks deportation *is identical to a statutory ground for exclusion* for which discretionary relief would be available' " because the denial of relief solely on the basis of whether an alien had departed the country is arbitrary and irrational, *id.* at 434–35 (quoting *Gutierrez,* 745 F.2d at 550 (emphasis added)); *see also Cabasug,* 847 F.2d at 1325–27, the same reasoning does not extend to the case at bench where the deportation ground at issue is not analogous to any ground in the exclusion statute. Here, the exclusion provisions and the deportation provision for aliens convicted of entry without inspection are "entirely dissimilar," so that the distinction being made between the two classes as to eligibility for § 212(c) relief is not arbitrary or unreasonable. *See Komarenko,* 35 F.3d at 435 ("We cannot say that is absurd that for purposes of discretionary deportation review Congress chooses to treat different crimes differently.").

Moreover, the denial of INA § 212(c) relief to aliens who have entered the United States without inspection is rationally related to the legitimate government interest in deterring illegal entry. The inspection process is essential to the ability of the INS to prevent the unmonitored and illegal entry of aliens into the United States and to keep track of aliens after their entry. The entry of aliens without inspection undermines enforcement efforts which are critical to the integrity of the immigration system. Thus, because deportation based on entry without inspection serves a legitimate governmental interest, we hold that the BIA did not err in concluding that Gonzalez was ineligible for INA § 212(c) relief.

Gonzalez also contends that the Immigration and Naturalization Service ("INS") and the BIA erred by failing to "repaper" his case by administratively closing his deportation proceedings to allow him to apply for cancellation of removal under the new statutory provisions of INA § 240A(a). He argues that the INS' proposed regulations, which offer eligibility for repapering to those who would have qualified for § 212(c) relief "but for" the passage of § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"),[2] violate his equal protection rights by giving those who commit § 440(d) crimes access to repapering where he is denied the option. Generally, when a petitioner fails to raise his claim below, as Gonzalez failed to raise this claim before the BIA, he has failed to exhaust his administrative remedies and this court lacks jurisdiction to resolve the issue; however, where, as here, the petitioner challenges the constitutionality of the INA or the procedures of the INS, the exhaustion requirement does not apply. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

According to the INS provisions, Gonzalez is ineligible for repapering not because he did not commit one of the criminal offenses that had been excluded from relief by AEDPA § 440(d), but because he committed a deportable offense that has no counterpart in the exclusion statute and makes him ineligible for INA § 212(c) relief. Because we have already concluded that this denial of INA § 212(c) relief does not violate equal protection, this claim must also fail.

PETITION FOR REVIEW DENIED.

---

**2.** AEDPA § 440(d) made aliens who were deportable for a large number of criminal offenses ineligible for a waiver of inadmissibility under INA § 212(c). *See* AEDPA § 440(d), Pub.L. No. 104–132, 110 Stat. 1277.