# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3486

_____

United States of America

*Plaintiff - Appellee*

v.

John Prickett, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: April 11, 2016
Filed: July 27, 2016
[Published]

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

John Prickett, Jr. shot his wife multiple times while camping in Buffalo River National Park. Fortunately, she survived. He conditionally pleaded guilty to assault with intent to commit murder, a violation of 18 U.S.C. § 113(a)(1) ("Count I"), and use of a firearm during a crime of violence, a violation of 18 U.S.C.

§ 924(c)(1)(A)(iii) (Count II). Prickett moved to dismiss Count II of the indictment, but the district court[1] denied his motion. We affirm.

Section 924(c)(1)(A) provides specified mandatory minimum sentences for persons convicted of a "crime of violence" who use or carry a firearm in furtherance of that crime. Section 924(c)(3) defines "crime of violence" as

an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The district court found that Prickett's conviction for assault with intent to commit murder met the definition of a "crime of violence" under § 924(c)(3)(B). Prickett argues that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), extends to invalidate § 924(c)(3)(B) as unconstitutionally vague. If § 924(c)(3)(B) is unconstitutional, Prickett seeks dismissal of Count II. We review the constitutionality of § 924(c)(3)(B) de novo. *See United States v. Seay*, 620 F.3d 919, 923 (8th Cir. 2010).

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S. Ct. at 2557. The portion of the ACCA that the Court found unconstitutional defines "violent felony"

---

[1]The Honorable Paul K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas

-2-

to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The residual clause of the ACCA does resemble the residual clause of § 924(c)(3). The clauses, however, function in importantly different contexts.

The ACCA's residual clause operated on "a judicially imagined 'ordinary case' of a crime," *Johnson*, 135 S. Ct. at 2557, whereas § 924(c)(3)(B)'s residual clause operates on "real-world facts." *See id.* This distinction is critical to the *Johnson* Court's holding. The *Johnson* Court did "not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Id.* at 2561. Here, § 924(c)(3)(B) does just that. The district court determined whether Prickett's act of shooting his wife multiple times "involve[d] a substantial risk that physical force against the person or property of another [was] used in the course of committing the offense." *See* 18 U.S.C. § 924(c)(3)(B). The district court did not apply § 924(c)(3)(B)'s standard "to an idealized ordinary case of the crime." *See Johnson*, 135 S. Ct. at 2561. Section 924(c)(3)(B) is the very type of statute that the *Johnson* Court explained would not be unconstitutionally vague under its holding. Accordingly, the district court did not err in denying Prickett's motion to dismiss Count II.

———————————————————