# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1428

_____

Kong Meng Xiong,

*Petitioner,*

v.

Loretta E. Lynch, Attorney General of the United States,

*Respondent.*

------------------------------

National Immigration Project of the National Lawyers Guild; Immigrant Law Center of Minnesota; Hennepin County Public Defender's Office; Immigrant Legal Resource Center,

*Amici on Behalf of Petitioner.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: July 26, 2016
Filed: September 8, 2016

_____

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Kong Meng Xiong petitions for review of an order of the Board of Immigration Appeals concluding that he is ineligible for cancellation of removal under 8 U.S.C. § 1229(b), because he had sustained a prior conviction for an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii). "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43). The Board upheld a determination of an immigration judge that Xiong's prior conviction for second-degree burglary under Minn. Stat. § 609.582, subd. 2(a)(1) is an aggravated felony, because it is a "crime of violence" within the meaning of § 1101(a)(43)(F).

Section 1101(a)(43)(F) incorporates the definition of "crime of violence" in 18 U.S.C. § 16. That definition encompasses an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Board concluded that Xiong's Minnesota burglary conviction qualified as a crime of violence under § 16(b) and declined to consider Xiong's contention that the definition is unconstitutionally vague. A.R. 4. According to the Board, "it is well settled we do not address the constitutionality of the laws we administer." *Id.*

Xiong filed in this court a petition for review and an opening brief in which his lead argument challenges the constitutionality of 18 U.S.C. § 16(b). He contends that two circuits have declared the provision unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), concerning 18 U.S.C. § 924(e)(2)(B)(ii). *See United States v. Vivas-Ceja*, 808 F.3d 719, 722-23 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015); *see also Shuti v. Lynch*, No. 15-3835, 2016 WL 3632539, at *5-8 (6th Cir. July 7, 2016). He urges this court to follow suit. *But see United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *4-5 (5th Cir. Aug. 5, 2016); *cf.*

*United States v. Prickett*, No. 15-3486, 2016 WL 4010515, at *1 (8th Cir. July 27, 2016).

Before filing a responsive brief, the government moved to remand the case to the Board for further proceedings. To evaluate the motion, it is necessary to review briefly the course of proceedings before the agency.

In front of the immigration judge, the government argued that Xiong was ineligible for cancellation of removal as an aggravated felon on two independent grounds: a prior conviction for a "crime of violence" under § 1101(a)(43)(F) and a prior conviction for "burglary" under § 1101(a)(43)(G). The immigration judge ruled that second-degree burglary in Minnesota is a crime of violence under § 1101(a)(43)(F) and said that the court "need not reach the issue of whether the burglary conviction is also an aggravated felony under INA § 101(a)(43)(G)," *i.e.*, 8 U.S.C. § 1101(a)(43)(G). A.R. 78 n.2.

Xiong appealed the Board. In its response brief to the Board, the government argued that the immigration judge correctly ruled that Xiong's burglary conviction was a crime of violence under § 1101(a)(43)(F). Alternatively, the government maintained that Xiong's burglary conviction also constituted a "burglary" under § 1101(a)(43)(G). A.R. 18-19. The Board upheld the immigration judge's decision on "crime of violence" under § 1101(a)(43)(F) and did not address "burglary" under § 1101(a)(43)(G).

In its motion to remand, the government argues that the Board should consider whether a second-degree burglary in Minnesota constitutes a generic "burglary" within the meaning of § 1101(a)(43)(G). We conclude that the suggestion of a remand is well taken.

-3-

"A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988). "This rule must bind not only the courts, but also the administrative agencies which they review, for if it did not, such agencies, 'by unnecessarily deciding constitutional issues, would compel the courts to resolve such issues as well.'" *Gutierrez v. INS*, 745 F.2d 548, 550 (9th Cir. 1984) (Kennedy, J.) (quoting *Tung Chi Jen v. INS*, 566 F.2d 1095, 1096 (9th Cir. 1977)).

As the appeal comes to us, Xiong argues that we must consider the constitutionality of the definition of "crime of violence" in 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b). Although the government argued before the immigration judge and the Board that Xiong's burglary conviction also qualified as an aggravated felony under § 1101(a)(43)(G), we may not consider whether to affirm the denial of relief on that ground, because the Board did not decide the issue. *See SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943). Rather than allowing the Board's treatment of the case to force a decision on a constitutional question that might be unnecessary, we conclude that a remand is warranted for the Board to consider in the first instance whether Xiong's burglary conviction is an aggravated felony under § 1101(a)(43)(G). *See Gutierrez*, 745 F.2d at 550. We express no view on the merits of the issue, but the Board should decide it one way or the other. Xiong may then file a renewed petition for review.

For these reasons, the government's motion to remand is granted, and the case is remanded to the Board of Immigration Appeals for further proceedings consistent with this opinion.

_____