963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Villareal HIRATA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70286.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 13, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Villareal Hirata (Villareal) seeks reversal of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). Villareal contends that the BIA abused its discretion in affirming the immigration judge's decision. He makes the following arguments in support of this contention:
 
 
 3
 One. The immigration judge improperly reassessed the question of his culpability for his conviction of conspiracy to distribute cocaine.
 
 
 4
 Two. The BIA failed properly to balance the positive factors in favor of granting him discretionary relief against the negative effect of his single conviction for conspiracy to distribute cocaine.
 
 
 5
 Three. The BIA incorrectly determined that he had not shown sufficient rehabilitation because it failed to consider evidence of his close family ties, his enrollment in a junior college, and his leasehold interest in property in the United States.
 
 I.
 
 6
 Villareal is a 28-year-old Mexican citizen who has been living in the United States as a lawful permanent resident since the age of two. He resides in San Ysidro, California with his mother, two brothers and two sisters.
 
 
 7
 In 1986, Villareal plead guilty and was convicted of conspiracy to distribute cocaine. In 1988, the Immigration & Naturalization Service (INS) commenced proceedings to deport Villareal pursuant to Section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11).[1] At his deportation hearing, Villareal conceded deportability, but requested discretionary relief pursuant to Section 212(c) of the INA, 8 U.S.C. § 1182(c). The immigration judge found him deportable and denied his request for discretionary relief. The BIA affirmed the deportation order. Villareal appeals from the BIA's decision. We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1105(a).
 
 II.
 
 8
 Section 212(c) of the INA grants the Attorney General discretion to waive deportation of otherwise excludable aliens.[2] The Attorney General has delegated this discretionary authority to the BIA. The BIA must determine whether an alien merits relief under section 212(c) by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Matter of Marin, 16 I & N Dec. 581, 584 (BIA 1978), receded on other grounds by Matter of Edwards, Interim Decision 3134 (BIA 1990).
 
 
 9
 An alien applying for discretionary relief under Section 212(c) bears the burden of demonstrating that he merits exclusion from deportation. Matter of Roberts, Interim Decision 3148, 7 (BIA 1991). In the case of an applicant convicted of drug trafficking, he must demonstrate "unusual or outstanding countervailing equities" in order to qualify for relief from deportation. Ayala-Chavez at 641; Matter of Marin, at 587. However, "an alien who demonstrates unusual or outstanding equities, as required, does not compel a favorable exercise of discretion; rather, absent such equities, relief will not be granted." Matter of Edwards, at 7; see also Matter of Buscemi, 19 I & N Dec. 628, 634 (BIA 1988), receded on other grounds by Matter of Edwards, supra. An applicant with a criminal record ordinarily is also expected to show rehabilitation. Matter of Edwards, at 8; Matter of Marin, at 587-588.
 
 
 10
 We review the BIA's denial of relief from deportation under Section 212(c) for abuse of discretion. Ayala-Chavez at 642; Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). We will reverse the BIA's decision only if the BIA "fails to support its conclusion with a reasoned explanation based upon legitimate concerns." Vargas, at 908.
 
 III.
 
 11
 At his deportation hearing, Villareal testified that he was innocent with respect to his conviction of conspiracy to distribute cocaine. He stated that in September of 1986, a friend offered to pay him $500 to drive an automobile from San Diego, California, to Tucson, Arizona. He accepted the offer and was accompanied on the drive by another individual. Upon arrival in Tucson, that individual delivered a packet containing cocaine to a waiting party. Villareal stated that he agreed to drive the car because it seemed like an easy way to make a large sum of money. He insisted, however, that he did not know that the car was being used to transport cocaine. He further testified that he plead guilty only because he was advised to do so by his counsel in order to avoid a tougher sentence.
 
 
 12
 Villareal argues that the immigration judge improperly considered as an adverse factor the discrepancy between his testimony at the deportation hearing that he was innocent of any drug offense, and his earlier guilty plea on the charge of conspiracy to distribute cocaine. Villareal alleges that, in considering this discrepancy, the immigration judge acted contrary to the holding of Matter of Roberts, which states that "it is impermissible [for an immigration judge] to go behind a record of conviction to reassess an alien's ultimate guilt or innocence." Interim Decision 3148 at 10 (BIA 1991). Villareal's reliance on Matter of Roberts is misplaced.
 
 
 13
 In Matter of Roberts, the immigration judge granted relief under section 212(c) on two grounds. The immigration judge concluded that the applicant's participation in the offense was the result of entrapment. The immigration judge also ruled that the applicant entered a guilty plea because he was not told that it would have a detrimental effect on his immigration status. Id. at 3-4.
 
 
 14
 The INS appealed from the immigration judge's decision. Id. at 4. In Matter of Roberts, the BIA held that the immigration judge erred in ruling that the criminal conviction was invalid under the defense of entrapment. Id. at 11. The BIA explained its ruling as follows:
 
 
 15
 [An] immigration judge must look to judicial records to determine whether an alien has been convicted of a crime, and he may not determine on his own the alien's guilt or innocence. While inquiry may be had into the circumstances surrounding the commission of the crime in order to determine whether a favorable exercise of discretion is warranted, it is impermissible to go behind a record of conviction to reassess an alien's ultimate guilt or innocence. In this case, the immigration judge's analysis, particularly as regards the issue of entrapment, directly related to the question of the respondent's ultimate guilt or innocence. Id. at 10 (citations omitted).
 
 
 16
 Unlike Matter of Roberts, the immigration judge in the instant matter accepted the validity of Villareal's guilty plea and conviction. The immigration judge concluded that Villareal's protestations of innocence demonstrated a lack of rehabilitation. We grant substantial deference to an immigration judge's conclusion that a witness is not credible. Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). Because in this case the determination of credibility does not reassess the question of Villareal's ultimate guilt, we hold that the BIA did not abuse its discretion in affirming the decision of the immigration judge.
 
 IV.
 
 17
 We also reject Villareal's contention that the BIA failed to accord proper weight to the positive factors in the record in determining whether he should be granted relief under section 212(c). The BIA conducted a thorough review of the entire record. It acknowledged that Villareal and his family have lived in California since he was two years old, that he has a loving relationship with his family, that he has a history of steady employment and is now the self-employed owner of an auto dismantling business, and that he intends to enroll in a junior community college. Although the BIA found that these factors were unusual and outstanding, it concluded that they were insufficient to overcome the seriousness of Villareal's conspiracy conviction, his denial of responsibility for his involvement in the drug transaction, and his failure to present any objective evidence of his rehabilitation. The BIA supported its conclusion with a reasoned explanation. The BIA did not abuse its discretion in affirming the immigration judge's denial of Section 212(c) relief.
 
 V.
 
 18
 Finally, we reject Villareal's contention that the BIA incorrectly determined that he did not show sufficient rehabilitation, because it failed to consider (1) documents allegedly showing that he was enrolled in a junior college and that he was leasing property in the United States in connection with his automobile salvage business, and (2) the testimony of his brother that Villareal has a strong, loving relationship with his family.
 
 
 19
 The record shows that the BIA considered that Villareal has a close, loving relationship with his family. The BIA also considered Villareal's investment in an auto wrecking business as proof of his industriousness. These factors demonstrate family ties and employment history, not rehabilitation. Prior to his deportation hearing, Villareal's counsel sent him a letter requesting that he bring certain documents to the immigration proceeding to demonstrate rehabilitation including:
 
 
 20
 A letter from your parole or probation officer attesting to your performance on parole or probation and discussing your rehabilitation....
 
 
 21
 If you have done anything to benefit the community such as helping at the Boys Club or donating blood to the Red Cross--I need letters or documents to prove your charity work.
 
 
 22
 Villareal did not provide counsel with these documents. The record reveals the following colloquy:
 
 
 23
 THE COURT: Now, Mr. Siddell, tell me. Do you have any further documentation of the 212(c)?
 
 
 24
 MR. SIDDELL: No, Your Honor, I don't. In spite of my letter to the respondent/applicant, the only information that he's brought today which I don't think is very appropriate is he's brought a series of documents which show he's enrolled in a junior college and that he's leasing some property here in the United States, but I intend to cover those by way of testimony rather than documentary evidence.
 
 
 25
 THE COURT: You are going to present the 212(c) issue then by examining the client?
 
 
 26
 MR. SIDDELL: Yes, Your Honor, that's my intention.
 
 
 27
 Because Villareal denied responsibility for his conspiracy conviction and failed to demonstrate rehabilitation in his testimony, the BIA did not abuse its discretion in affirming the denial of Villareal's application for discretionary relief.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 241(a)(11), as in effect at the time deportation proceedings against Villareal were commenced, authorized the Attorney General to deport an alien convicted of an offense involving a controlled substance. It provided that:
 Any alien in the United States ... shall, upon order of the Attorney General, be deported who--
 11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21).
 8 U.S.C. § 1251(a)(11). This section was renumbered and slightly modified in 1990. Pub.L. 101-649, § 602(a), 104 Stat. 4978, 5077. The amended version is not applicable to the proceedings against Villareal. See id. § 602(d), 104 Stat. at 5082.
 
 
 [2]
 Section 212(c) reads in relevant part:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under any order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to [certain provisions of the Act].
 8 U.S.C. § 1182(c).
 This provision has been held to apply to deportation proceedings as well as exclusion proceedings, whether or not the permanent resident has ever left the United States. Ayala-Chavez v. INS, 944 F.2d 638, 640 n. 2 (9th Cir.1991); Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981).