Melesio Manuel TAPIA–ACUNA,
Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 79–7116.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1980.

Initial Decision April 30, 1980.

Vacated by the U. S. Supreme
Court Nov. 3, 1980.

Decided Feb. 17, 1981.

Wayne Alden Cypert, Nogales, Ariz., for petitioner.

Robert Kendall, Jr., Washington, D.C., for respondent.

Before SKELTON,* Court of Claims Judge, and GOODWIN and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Tapia-Acuna, a lawfully admitted permanent resident alien, was convicted under Arizona law of possession of marijuana for sale. The Immigration and Naturalization Service ("INS") instituted deportation proceedings pursuant to 8 U.S.C. § 1251(a)(11).[1] The immigration judge found Tapia-Acuna deportable and denied his application for discretionary relief under 8 U.S.C. § 1182(c).[2] The Board of Immigration Appeals ("BIA") affirmed, and Tapia-Acuna petitioned this court for review pursuant to 8 U.S.C. § 1105a.

While the petition for review was pending, Tapia-Acuna moved the BIA to reopen and reconsider his case in light of an Arizo-

---

* The Honorable Byron G. Skelton, Senior Judge, Court of Claims, sitting by designation.

1. Title 8, U.S.C. § 1251(a)(11), renders deportable an alien "who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana . . . ."

2. Title 8, U.S.C. § 1182(c), provides in pertinent part:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of [8 U.S.C. §§ 1182(a)(1)–(25), (30), and (31)].

na state court order expunging his conviction. The BIA denied the motion on the ground that reopening would be futile. It ruled that the expungement did not eliminate the conviction for purposes of § 1251(a)(11), and that in the Ninth Circuit an alien deportable under § 1251(a)(11) is not eligible for § 1182(c) relief.[3] In an unpublished memorandum dated April 30, 1980, 620 F.2d 311, we affirmed the BIA decision on both grounds.

On November 3, 1980, the Supreme Court —— U.S. ——, 101 S.Ct. 344, 66 L.Ed.2d 209 granted certiorari and simultaneously vacated our decision. The Supreme Court remanded the case to us for further consideration in light of the Solicitor General's assertion to the Supreme Court that the Government no longer opposed a rule making aliens who are deportable under § 1251(a)(11) eligible for § 1182(c) relief. Having reconsidered, we now reverse the decision of the BIA.

Title 8, U.S.C. § 1182(c), on its face, gives the Attorney General discretion to waive certain specified grounds of exclusion in the case of a lawfully admitted permanent resident alien who temporarily proceeded abroad voluntarily and seeks to return to a lawful unrelinquished domicile of seven consecutive years in the United States. One of the listed waivable grounds is conviction for "the illicit possession of or traffic in narcotic drugs or marihuana. . . ." Section 1182(a)(23). This is the exclusion counterpart of § 1251(a)(11), the deportation ground applicable here.

Although the literal language of § 1182(c) refers only to the admission of aliens otherwise subject to grounds of exclusion, the provision has long been applied in deportation proceedings as well. *See, e. g., Matter*

of G.A., 7 I. & N.Dec. 274 (1956); *Matter of F*, 6 I. & N.Dec. 537 (1955); *Matter of S*, 6 I. & N.Dec. 392 (1954), *aff'd by A.G.* (1955). In *Arias-Uribe v. INS*, 466 F.2d 1198 (9th Cir. 1972), however, this court interpreted § 1182(c) as inapplicable to an alien being deported pursuant to § 1251(a)(11), at least when the alien has not departed from and returned to the United States since the conviction giving rise to deportability. *Arias-Uribe* was followed in *Dunn v. INS*, 499 F.2d 856, 857–58 (9th Cir. 1974), *cert. denied*, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975). Because Tapia-Acuna is deportable under § 1251(a)(11), and because he has not left the United States since his conviction, he would be ineligible for § 1182(c) relief under the statutory interpretation adopted by *Arias-Uribe* and *Dunn*.

Shortly after those decisions, the Second Circuit decided *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976). *Francis* agreed with the interpretation placed on § 1182(c) by *Arias-Uribe* and *Dunn, id.* at 271–72, but held that such an interpretation rendered the statute violative of due process.[4] The court observed that an alien who has been convicted of a drug-related offense, leaves the United States temporarily, and then returns is eligible for § 1182(c) relief, while under *Arias-Uribe* and *Dunn*, an alien in precisely the same situation except for the fact that he or she has remained in the United States since the conviction would be ineligible under § 1182(c). *Id.* Perceiving no rational basis for such a distinction, *Francis* held that eligibility for § 1182(c) relief cannot constitutionally be denied to otherwise eligible aliens who are deportable for drug convictions under § 1251(a)(11) and who have not left the United States since their convictions. *See id.* at 271–73. The BIA has voluntarily adopted the rule announced

---

**3.** This court has stayed these proceedings pending the BIA determination of the motion to reopen. After the BIA denied the motion, the INS filed a "Notice Regarding Termination of Proceedings," in which it notified this court that the stay had terminated as a result of the BIA decision. The Notice also pointed out that the parties had previously stipulated "that this petition for review would encompass both the [original] ruling of the Board and the ruling on

the motion to reopen." That Notice, which manifests the clear intention of both parties to seek review of the second BIA decision, will be construed as a second petition for review.

**4.** Although the court spoke of equal protection, it was actually referring to fifth amendment due process, which has been held to embody an anti-discrimination component. *See Francis*, 532 F.2d at 272 & n. 5.

in *Francis, see Matter of Marin*, 16 I. & N.Dec. 581, 582 (1978); *Matter of Hom*, 16 I. & N.Dec. 112, 113–14 (1977); *Matter of Silva*, 16 I. & N.Dec. 26, 29–30 (1976), except in cases arising in the Ninth Circuit, *see* BIA decision in present case; *see generally* Hing, The Ninth Circuit: No Place for Drug Offenders, 10 Golden Gate L.Rev. 1 (1980).

Like the Second Circuit, this court applies the rational basis test to federal immigration statutes distinguishing among groups of aliens. *See United States v. Barajas-Guillen*, 632 F.2d 749 (9th Cir. 1980); *Castillo-Felix v. INS*, 601 F.2d 459, 467 (9th Cir. 1979); *Dunn v. INS*, 499 F.2d 856, 859 (9th Cir. 1974), *cert. denied*, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975). We agree with the Second Circuit that § 1182(c), as interpreted in *Arias-Uribe* and its progeny,[5] creates a distinction that lacks a rational basis.

As noted in *Francis*, no purpose would be served by giving less consideration to the alien "whose ties with this country are so strong that he has never departed after his initial entry" than to the alien "who may leave and return from time to time." *See* 532 F.2d at 273. Consequently, we hold that eligibility for § 1182(c) relief cannot constitutionally be denied to an otherwise eligible alien who is deportable under § 1251(a)(11), whether or not the alien has departed from and returned to the United States after the conviction giving rise to deportability.

The decision of the Board of Immigration Appeals denying Tapia-Acuna's motion to reopen is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

**5.** This court in *Dunn* expressly characterized *Arias-Uribe* as based on statutory interpretation. *See Dunn*, 499 F.2d at 857–58. *Arias-Uribe* and *Dunn* were followed in two other Ninth Circuit cases—*Bowe v. INS*, 597 F.2d 1158 (9th Cir. 1979) and *Nicholas v. INS*, 590 F.2d 802 (9th Cir. 1979). None of these four cases addressed the constitutional question we decide today.

*Bowe* and *Nicholas*, in turn, were cited by *Mondragon v. Ilchert,* slip op. 1762, No. 73–3051 (9th Cir. Jan. 25, 1980), in which § 1182(c) was held inapplicable to an alien deportable under § 1251(a)(2) for having entered without inspection. We do not decide whether the interpretation adopted in *Mondragon* renders § 1182(c) unconstitutional as applied to aliens deportable under § 1251(a)(2).