959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ala Elddin RUSTOM, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1992.
Decided April 14, 1992.
 
 Before PREGERSON, D.W. NELSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ala Elddin Rustom petitions for review of a final decision by the Board of Immigration Appeals ("BIA") denying him relief from deportation under section 212(c) of the Immigration and Nationality Act. See 8 U.S.C. § 1182(c).[1] He argues that both the immigration judge and the BIA failed to adequately consider evidence of his rehabilitation and instead improperly focused on his lack of remorse. We have jurisdiction under 8 U.S.C. § 1105a and deny the petition.
 
 
 3
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). We will reverse the BIA's decision "only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. Dep't. of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 4
 In its decision, the BIA thoroughly discussed each of the factors relevant in determining whether section 212(c) relief is appropriate.[2] It expressly considered a number of factors favorable to Rustom, including the fact that he had not had any trouble with the law since his release from prison in December 1988.
 
 
 5
 The BIA concluded, however, that these factors did not warrant granting Rustom relief from deportation. In support of this decision, the BIA specifically noted that Rustom had failed to: (1) make any specific effort at rehabilitation, (2) indicate any remorse for his arson conviction, (3) establish any substantial work record or strong ties to the community, or (4) show that his family would suffer financial hardship if he was deported.
 
 
 6
 Rustom argues that both the immigration judge and the BIA overemphasized his lack of remorse and ignored other evidence of his rehabilitation. We find no merit to this argument. The BIA fully considered Rustom's claim of rehabilitation and the fact that he had not had any trouble with the law since his release from prison. It concluded, however, that the equitable factors in his favor were insufficient to warrant relief under section 212(c) when evaluated and balanced against his serious prior criminal history and lack of remorse.[3]
 
 
 7
 We conclude that the BIA did not abuse its discretion in denying Rustom's request for a waiver of deportation under section 212(c).
 
 
 8
 Rustom's petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 212(c) provides the Attorney General with discretion to waive deportation of an alien who has been lawfully admitted for permanent residence and who has been domiciled in the United States for at least seven consecutive years. See Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981)
 
 
 [2]
 For a complete list of these factors see Matter of Marin, (BIA 1978) 16 I & N Dec. 581, 584
 
 
 [3]
 We do not examine the immigration judge's decision because any error on his part would be harmless given the BIA's thorough consideration of the section 212(c) factors. See Rodriguez-Rivera v. Dep't. of Immigration and Naturalization, 848 F.2d 998, 1002 (9th Cir.1988)