985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Felix PONCE-ALATORRE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70387.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided Jan. 27, 1993.
 
 1
 Appeal from the Board of Immigration Appeals, No. Abn-rcp-sdn.
 
 
 2
 B.I.A.
 
 
 3
 AFFIRMED.
 
 
 4
 Before FLETCHER and T.G. NELSON, Circuit Judges, and WILSON,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Jose Felix Ponce-Alatorre seeks review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We affirm.
 
 I. BACKGROUND
 
 7
 Ponce-Alatorre is a native and citizen of Mexico who first entered the United States, illegally, in 1971. He departed the United States about five years later, and reentered, again illegally, in 1979. He then departed again, and was later admitted as a lawful permanent resident on June 19, 1981. He has remained in the United States continuously since then. Ponce-Alatorre's wife is a lawful permanent resident alien, as are two of his three children, who are approximately 13 and 15 years of age. His third child, who is 18 years old, is a United States citizen.
 
 
 8
 On May 22, 1985, Ponce-Alatorre pled guilty in a California court to one count of possession of heroin for sale. Ponce-Alatorre's presentence report noted that Ponce-Alatorre and an accomplice were arrested while attempting to sell approximately ten ounces of heroin to an undercover agent for $55,000. The report also noted that upon making the arrest, law enforcement officers found a loaded .22 caliber revolver in the waistband of Ponce-Alatorre's accomplice. The probation officer who authored the report recommended the imposition of an "aggravated term" of five years imprisonment because Ponce-Alatorre "played a dominant role in [the crime's] commission, it was premeditated, and it involved a large quantity of contraband." Ponce-Alatorre was in fact sentenced to four years in prison. He served approximately two years before being released on parole, and was discharged from parole on April 14, 1988.
 
 
 9
 On May 22, 1987, the United States Immigration and Naturalization Service issued an order to show cause charging Ponce-Alatorre with deportability under section 241(a)(11) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1251(a)(11),[1] because of his drug conviction. After a number of preliminary hearings, Ponce-Alatorre conceded deportability and designated Mexico as the country of deportation at his final hearing on October 12, 1988.
 
 
 10
 During his deportation hearing, however, Ponce-Alatorre applied for a waiver of deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c).[2] By a decision dated October 4, 1988, an Immigration Judge reviewed and denied Ponce-Alatorre's application. The BIA dismissed Ponce-Alatorre's appeal on May 22, 1990. This timely appeal followed.
 
 II. STANDARD OF REVIEW
 
 11
 We review the BIA's decision for an abuse of discretion. Vargas v. Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987). We may set aside the BIA's decision "only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.; see Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992).
 
 III. DISCUSSION
 
 12
 Ponce-Alatorre seeks waiver of deportation under section 1182(c) of the Act, which gives the Attorney General discretion to waive certain specified grounds of exclusion, including conviction for "the illicit possession of or traffic in narcotic drugs ...," 8 U.S.C. § 1182(a)(23), the INS's ground for deporting Ponce-Alatorre.
 
 
 13
 The test to be used by the BIA in considering whether or not to waive a particular alien's grounds for deportation is well-established. Set forth in the leading BIA case of Matter of Marin, 16 I & N Dec. 581 (BIA 1978), and expressly approved by us in Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991), the test requires the Immigration Judge to "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane consideration presented in his behalf to determine whether the granting of section [1182(c) ] relief appears in the best interest of this country." In other words, the Immigration Judge must employ what is essentially a balancing test that weighs factors favorable and unfavorable to an alien's application. The more serious the negative factors, the more evidence of favorable factors the alien must show.
 
 
 14
 Among the factors considered favorable to an alien are:
 
 
 15
 family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character.
 
 
 16
 Id. Factors which are considered unfavorable to an alien include "the nature and underlying circumstances of the exclusion ground at issue." Notably, when the basis for exclusion is a serious drug offense, it is considered highly unfavorable to the alien, so much so that an alien must make a showing of "outstanding countervailing equities" to offset it. Id. at 586 n. 4; see Johnson v. INS, 971 F.2d 340, 344 (9th Cir.1992).
 
 
 17
 In the present case, the BIA's first step was to consider the "nature and underlying circumstances of the exclusion ground at issue." Id. at 584. The BIA noted the applicable grounds for exclusion consisted of a serious drug offense, and that as such, they could be offset only by "outstanding equities." The BIA then examined whether sufficient equities in fact existed. It noted all of the factors favoring waiver, such as Ponce-Alatorre's "almost 9 years of residence, his church activity ... the potential hardship to his family ... that this is his first offense and that he has an established record of rehabilitation." The BIA then more closely examined some of these factors to assess whether taken cumulatively, they were sufficiently favorable to offset the seriousness of Ponce-Alatorre's conviction. The BIA found that while deportation would visit some hardship on Ponce-Alatorre's family, such hardship would be offset by many things--i.e., "the fact that [Ponce-Alatorre's family] are all fluent in both English and Spanish ... [Ponce-Alatorre] has been employed in both the United States and Mexico as an agricultural worker ... [and his] mother resides in Mexico[.]"
 
 
 18
 The BIA also noted that while Ponce-Alatorre had lived in the United States for a considerable period of time, all his years of residence were as an adult. In other words, Ponce-Alatorre's residence in the United States was not as favorable a factor as it could be since, as the Marin court stated, "residence of long duration" mattered most "when the inception of residence occurred while the [alien] was of young age." Id. at 584-85.
 
 
 19
 The BIA next noted that some of the factors which were normally considered in determining whether there were "outstanding equities" were entirely absent in this case--namely, "strong community involvement ... property or business ties to [the] community." This observation was germane, since "the absence of a particular favorable matter ... will of necessity make it more difficult for a[n alien] to establish that he warrants the relief sought." Marin, at 587.[3]
 
 
 20
 Finally, having reviewed the factors favoring waiver, the BIA concluded that Ponce-Alatorre had failed to establish "outstanding equities," and thus that what favorable factors did exist were simply "outweighed" by the adverse factor of Ponce-Alatorre's serious drug offense.
 
 
 21
 In light of Marin, the focus of our review of a BIA's denial of waiver is whether or not the BIA expressly considered and weighed all of the factors favoring and militating against waiver. In the case before us, the BIA's decision is a near textbook example of the application of the test articulated in Marin. We conclude that the BIA "supported its conclusions with a reasoned explanation based upon legitimate concerns," Vargas, 831 F.2d at 908, and that its denial of Ponce-Alatorre's appeal was therefore not an abuse of discretion.
 
 IV. CONCLUSION
 
 22
 For the foregoing reasons, the BIA's denial of Ponce-Alatorre's appeal is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Stephen V. Wilson, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1251(a)(11) then read in pertinent part,
 Any alien in the United States ... shall, upon the order of the Attorney General, be deported who-- ... who has been convicted of a violation of ... any law or regulation governing or controlling the ... sale ... of ... heroin.
 
 
 [2]
 Section 1182(c) provides in pertinent part:
 (c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ...
 Although section 1182(c) only refers to exclusion, "the provision has long been applied in deportation proceedings as well." Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981). Furthermore, an alien deportable under section 1251(a)(11) need not depart and return to the United States after his conviction to be eligible for section 1182(c) relief. Id. at 225. The BIA found that Ponce-Alatorre is statutorily eligible for the waiver, and the INS does not contest that finding.
 
 
 [3]
 However, Marin makes it clear that the mere absence of certain favorable factors should not be treated as an unfavorable factor. The BIA did not do that here. The BIA examined the absence of certain factors only "in the context of [Ponce-Alatorre's] failure to show sufficient equities to offset the specified adverse matters." Marin at 587. Specifically, the BIA found that in light of the absence of certain favorable factors, among other things, Ponce-Alatorre "has failed to establish unusual or outstanding equities."