993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis MARTINEZ-CANAZAL, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70468.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.
Decided May 7, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Martinez-Canazal petitions for review of a final order by the Board of Immigration Appeals which reversed the immigration judge's relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).[1] We have jurisdiction of the BIA's final order under 8 U.S.C. § 1105a(a). We affirm.
 
 
 3
 Martinez is a native and citizen of Mexico who resided in the United States as a lawful permanent resident alien. In April 1991, he pleaded guilty to delivery of cocaine and was sentenced to two years of confinement. The INS issued an order to show cause why he should not be deported as an alien convicted of a crime relating to a controlled substance under § 241(a)(4)(B) of the Act. The immigration judge granted Martinez's application for § 212(c) relief. On appeal, the BIA vacated the decision and ordered him deported to Mexico.
 
 
 4
 In deciding whether an alien merits relief under § 212(c), the BIA "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Matter of Marin, 16 I. & N.Dec. 581, 584 (1978); see Ayala-Chavez v. United States Immigration and Naturalization Serv., 944 F.2d 638, 641 (9th Cir.1991) (expressly approving Marin test). Because this deportation order resulted from a drug offense, Martinez also must show that unusual or outstanding equities compel discretionary relief. See Ayala-Chavez, 944 F.2d at 641 (strong congressional policy against lenient treatment of drug offenders in immigration laws justify BIA's higher standard of equities for 212(c) relief).
 
 
 5
 "We review the BIA's balancing of equities for section 212(c) relief for an abuse of discretion." Id. at 642 (citation omitted). We will reverse the BIA's decision only if it "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. United States Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 6
 Martinez's arguments are twofold: (1) the BIA did not consider adequately all the favorable factors presented in his application and (2) it failed to provide a rational explanation for overruling the immigration judge's findings. Both are meritless.
 
 
 7
 The BIA decision need not be elaborate. "Although we have required the [BIA] to provide more than '[m]ere conclusory statements' ... all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the [BIA] has heard, considered, and decided." Villanueva-Franco v. Immigration and Naturalization Serv., 802 F.2d 327, 330 (9th Cir.1986) (citations omitted).
 
 
 8
 The BIA correctly balanced the equities for § 212(c) relief. It noted that Martinez had lived in the United States for at least eight years.[2] Three of his siblings resided here while his parents and several other siblings lived in Mexico. Martinez did not own property. The BIA also took note of his prison record, rehabilitation progress and steady work history. Having considered these factors, it concluded that the equities simply did not "rise to the level of unusual or outstanding."
 
 
 9
 In light of our narrow standard of review, we cannot say that the BIA abused its discretion in denying the relief requested. We deny the petition and affirm the BIA decision. We also deny Martinez's request for attorney fees under 28 U.S.C. § 2412(d).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 212(c) gives the Attorney General discretion to waive deportation of an alien who has been lawfully admitted for permanent residence and who has been domiciled in the United States for at least seven consecutive years. See Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981)
 
 
 [2]
 Martinez argues that the BIA should have considered all 14 years in which he resided in the United States even though approximately eight were legal. Yet, the length of his residence was not as favorable a factor as it could have been simply because "residence of long duration" matters most "when the inception of residence occurred while the [alien] was of young age." Marin 16 I. & N.Dec. at 584-85. Martinez already was an adult when he illegally entered the country in 1977