17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yourie Saint John Christopher SEATON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70801.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 1
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Yourie Saint John Christopher Seaton, a native and citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of (1) his request for a waiver of deportation under section 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. Sec. 1182(c), and (2) his request for a continuance. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition for review.
 
 
 4
 * Discretionary Relief from Deportation
 
 
 5
 On July 2, 1992, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Seaton with being deportable under section 241(a)(2)(A)(iii) of the Act, 8 U.S.C. Sec. 1251(a)(2)(A)(iii), as an alien who had been convicted at any time after entry of an aggravated felony. Seaton had been convicted of possession for sale of cocaine base. At a deportation hearing on September 11, 1992, the IJ found Seaton deportable as charged and denied his request for a section 212(c) waiver of deportation.[1] The BIA affirmed the IJ's decision.
 
 
 6
 A discretionary waiver of deportation pursuant to section 212(c) is granted only where an alien demonstrates statutory eligibility for the relief and where equitable circumstances exist that are sufficient to warrant a waiver of deportability. Matter of Buscemi, Int.Dec. 3058 (BIA1988). Because Seaton meets the statutory requirements, the only issue the BIA considered was whether equity required a waiver.
 
 
 7
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) ( citing, Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)). "We may set aside the BIA's denial of section 212(c) relief 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Id. (quoting Vargas, 831 F.2d at 908).
 
 
 8
 In deciding whether an alien merits relief under section 212(c), the BIA must "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interest of the country."[2] Matter of Marin, 16 I & N.Dec. 581, 584 (BIA1978), approved, Ayala-Chavez, 944 F.2d at 641. An applicant seeking 212(c) relief carries the burden of establishing his or her eligibility for discretionary relief. Id. at 583. The BIA requires a showing of unusual and outstanding equities by aliens seeking discretionary relief under section 212(c) if the alien has been convicted of serious criminal activity such as drug trafficking. Ayala-Chavez, 944 F.2d at 641.
 
 
 9
 Because Seaton was convicted of a serious offense, cocaine possession and trafficking, he was required to demonstrate "outstanding" equities before section 212(c) relief could be granted. See Ayala-Chavez, 944 F.2d at 641.
 
 
 10
 Here, the BIA considered the adverse factors evidencing Seaton's "undesirability as a permanent resident," including his drug trafficking conviction, his conviction for receiving stolen property,[3] his history of unemployment, the fact that he was fired from his last job as a result of his drug use, and that he has been homeless for the last 1 1/2 years. The BIA also considered "the social and humane considerations" presented on Seaton's behalf such as his 18 years of lawful residency in the United States, his entry into the country at the age of 7, and his family ties which include his mother and three siblings. The BIA noted, however, that although Seaton's mother and siblings reside in the United States he had not spoken to them for over a year and that his family members declined to post his bond or be present at his immigration hearing. The BIA also found that Seaton had failed to show any evidence of community involvement or significant drug rehabilitation.
 
 
 11
 The BIA concluded that Seaton's criminal record and his long history of drug addiction outweighed his demonstration of favorable equities. The BIA supported this conclusion with "a reasoned explanation based upon legitimate concerns." See Ayala-Chavez, 944 F.2d at 642. Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of Seaton's request for section 212(c) relief. See id.
 
 II
 Continuance
 
 12
 Seaton appears to contend that the BIA erred by uphodling the IJ's denial of his request for a continuance.[4] This contention lacks merit.
 
 
 13
 An IJ may grant a continuance in her discretion if good cause is shown. 8 C.F.R. Sec. 242.13. Once an IJ refuses a requested continuance, however, the standard for reversal is very high. See In re Sibrun, 18 I & N.Dec. 354, 356-57 (BIA1983). Thus, "an immigration judge's decision denying the motion for a continuance will not be reversed unless the alien establishes that the denial caused him actual prejudice and harm and materially affected the outcome of his case." Id. Moreover, bare, unsupported allegations are insufficient to show prejudice, rather, the alien must "specifically articulate the particular facts involved or evidence which he would have presented, and otherwise fully explain how denial of his motion fundamentally changed the result reached." Id.; see also In re Perez-Andrade, 19 I & N.Dec. 433, 434 (BIA1987) ("[a] decision to deny a continuance will not be overturned on appeal unless it appears that the respondents were deprived of a full and fair hearing").
 
 
 14
 Here, the record reveals that Seaton's deportation hearing commenced on July 8, 1992, and was continued until July 13, 1992, so that Seaton could obtain representation. On July 13, 1992, the hearing was continued so that Seaton could complete his application for 212(c) relief. At that time the IJ also advised Seaton to be prepared to present testimony and documentary evidence on his behalf at the next hearing. On August 7, 1992, the IJ granted Seaton a third continuance to secure documents in support of his 212(c) application. At his resumed hearing on September 11, 1992, Seaton requested yet another continuance in order to allow his family members and former employers more time in which to reply to his requests for documents. The IJ denied Seaton's request for a fourth continuance, finding that almost two months had elapsed between the time that Seaton was advised of his need to obtain documents and the resumed hearing.
 
 
 15
 Given these circumstances, the BIA did not err by finding that Seaton had failed to establish the requisite good cause to warrant a fourth continuance. See 8 C.F.R. Sec. 242.13. Moreover, as the BIA concluded, Seaton also failed to make the requisite showing for reversal because he never specifically alleged the manner in which the IJ's denial of his continuance request was prejudicial.[5] See In re Sibrun, 18 I & N.Dec. 354 at 356-57.
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)
 
 
 [2]
 The BIA has set out factors which it will consider in making its equitable determination. Matter of Marin, 16 I & N.Dec. 581, at 584-85. Factors weighing against waiver include: (1) the nature and underlying circumstances of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; and (4) the presence of other evidence indicative of the applicants bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id
 
 
 [3]
 The record also indicates that Seaton had been convicted of grand theft in 1988, and that he experienced problems with the Los Angeles vehicle department for drinking and taking vehicles without permission
 
 
 [4]
 In his brief, Seaton challenged the IJ's decision directly. However, our review is limited to the BIA's decision. Rodriquez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). Because the BIA conducted a de novo review of hte IJ's decision, any alleged errors by the IJ are deemed harmless. See id
 
 
 [5]
 In his appellate brief, Seaton appears to allege that his state court conviction should not be considered an aggravated felony under the Act. Because this issue was raised for the first time on appeal, we decline to consider it. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992)