24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Boarhanullah SHERDIL, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70855.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 12, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Boarhanullah Sherdil, a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") order finding him deportable and denying his application for waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 On July 31, 1991, the Immigration and Naturalization Service issued an order to show cause charging Sherdil with being deportable under section 241(a)(4) of the Act, 8 U.S.C. Sec. 1251(a)(4),[1] as an alien who had been convicted of a crime involving moral turpitude within five years of entry and sentenced to prison for at least a year. Sherdil had been convicted in federal court of assault resulting in serious bodily injury and had been sentenced to 55 months of imprisonment. At a deportation hearing, the IJ found Sherdil deportable as charged and denied his request for a section 212(c) waiver of deportation.[2] The BIA affirmed that portion of the IJ's decision.
 
 
 5
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Id. (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 6
 In deciding whether an alien merits relief under section 212(c), the BIA must "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978); see Ayala-Chavez, 944 F.2d at 641 (approving Marin test).[3] When an alien has been convicted of a serious crime, he must demonstrate "unusual or outstanding equities." Matter of Edwards, Interim Dec. No. 3134 (BIA 1990); see Ayala-Chavez, 944 F.2d at 641.
 
 
 7
 Here, the BIA concluded that the seriousness of Sherdil's crime--cutting another individual with a knife and beating the victim with weighted gloves during an altercation--necessitated that he establish unusual or outstanding equities. The BIA noted that Sherdil had neither a wife nor children dependent on him. He had only been in United States since 1984. Much of that time was spent in prison. He briefly served in the United States Army, but requested discharge after he was told he could not be a Ranger. The BIA did find some evidence of rehabilitation. However, based on the record as a whole, the BIA determined that Sherdil did not demonstrate outstanding equities.
 
 
 8
 The BIA's decision is supported by a reasoned explanation based on legitimate concerns. We conclude that the BIA did not abuse its discretion by denying Sherdil's request for section 212(c) relief.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pursuant to the 1990 Act, deportability on account of a conviction for a crime involving moral turpitude is now found at section 241(a)(2)(A)(i), 8 U.S.C.A. Sec. 1251(a)(2)(A)(i) (West Supp.1994)
 
 
 [2]
 In pertinent part, section 212(c) provides: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, this provision applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 224, 224-25 (9th Cir.1981)
 At the deportation hearing, Sherdil also requested asylum and withholding of the departure. The BIA ultimately concluded that Sherdil was not eligible for such relief because he was convicted of a "particularly serious crime." Sherdil does not challenge these findings.
 
 
 [3]
 The BIA has set out factors it will consider in making its equitable determination. Factors weighing in favor of waiver include: family ties within the United States; length of residence in the United States; entry into the United States at a young age; hardship to the alien and family if deported; service in the United States military; history of employment; property or business ties; community service; and proof of genuine rehabilitation. Factors weighing against waiver include: the nature and circumstances of the crimes serving as the basis for deportation; additional significant violations of immigration laws; the nature, recency, and seriousness of the applicant's criminal record; and any other negative character evidence. See Matter of Buscemi, 19 I. & N. Dec. 628, 633 (BIA 1988); Marin, 16 I. & N. Dec. at 584-85