26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold Sayson Isidro BALTAZAR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70826.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 18, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnold Baltazar petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision finding him deportable as charged and denying his application for a waiver of deportation under Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction, id. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Baltazar argues that the Board erred in refusing to find that the IJ abused his discretion in denying Baltazar's Sec. 212(c) waiver application.[1] We review the Board's decision to deny Sec. 212(c) relief for abuse of discretion. Vargas v. Department of Immigration & Naturalization, 831 F.2d 906, 908 (9th Cir.1987). We will uphold the Board's decision unless it "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.
 
 
 4
 Here the IJ and the Board followed the framework established in Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978), which requires the IJ to "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." Id. at 584. Where the applicant's record reflects a "pattern of serious criminal misconduct," the Board requires the alien to show "unusual or outstanding countervailing equities." Matter of Buscemi, 19 I. & N. Dec. 628, 633-34 (BIA 1988).
 
 
 5
 Baltazar contends that the IJ erred in requiring him to prove extraordinary equities because his prior convictions do not demonstrate a pattern of serious criminal misconduct. We disagree. In 1985, he was convicted of two counts of felony assault involving the use of a metal pipe and one count of criminal destruction of property. Four years later, while still on probation, Baltazar was convicted of felony assault with a dangerous instrument and possession of a deadly weapon for striking someone with a pair of brass knuckles that were concealed in his car. Baltazar's criminal activities involve violent behavior and demonstrate a disregard for the welfare of others. Under these circumstances, the IJ did not err in requiring Baltazar to show outstanding equities.
 
 
 6
 We also reject Baltazar's argument that the IJ required him to satisfy a "threshold" test of outstanding equities and rehabilitation without considering all of the favorable factors in his case. Baltazar argues that the IJ failed to follow Matter of Edwards, Int. Dec. 3134 (BIA 1990). In Edwards, the Board explained that "a proper determination as to whether an alien has demonstrated unusual or outstanding equities can only be made after a complete review of the favorable factors in his case." Id. at 7 n. 3; accord Ayala-Chavez v. INS, 944 F.2d 638, 641 n. 3 (9th Cir.1991). Although the IJ did not cite Edwards in his decision, we agree with the Board that he properly considered all of the equities in Baltazar's case before denying his Sec. 212(c) waiver application. The Board did not abuse its discretion in affirming the order of deportation.
 
 II
 
 7
 Baltazar also argues that the IJ erred in concluding that his convictions for assault in the second degree constitute crimes involving moral turpitude under Sec. 241(a)(4) of the Act, 8 U.S.C. Sec. 1251(a)(4). Although he raised this issue in his notice of appeal to the Board, Baltazar expressly stated in his brief to the Board that "[t]he only issue in this case is whether or not the Immigration Judge abused his discretion in denying Appellant's section 212(c) waiver application." (Emphasis added.) We reject Baltazar's contention that the Board should have addressed the moral turpitude question simply because it had been fully briefed before the IJ. By failing to properly present this issue to the Board, Baltazar has not exhausted his administrative remedies and thus we have no jurisdiction to consider it. Vargas, 831 F.2d at 907-08.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Sec. 212(c) is part of the Act's provision dealing with exclusion proceedings, we have construed Sec. 212(c) to apply in deportation hearings as well. Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981)