77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alejandro De ULLOA-MERAZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-70446.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1996.*
Decided Feb. 13, 1996.
 
 Before: POOLE, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Ulloa-Meraz (Ulloa), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Section 212(c) permits the Attorney General to grant discretionary relief from deportation to lawful permanent residents. See 8 U.S.C. § 1182(c), Tapia-Acuna v. INS, 640 F.2d 223, 225 (9th Cir.1981). In deciding whether to grant section 212(c) relief, the BIA must consider the social and humane considerations presented in an applicant's favor and balance them against evidence of the applicant's undesirability as a permanent resident. Yepes-Prado v. INS, 10 F.3d 1363, 1365-1366 (9th Cir.1993). We review the BIA's fact-finding to see if it is supported by substantial evidence. Id. at 1366. We review the BIA's balancing of the equities for abuse of discretion, and will "set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991), quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 4
 Ulloa argues that the BIA abused its discretion by denying his request for section 212(c) relief. He contends that the BIA failed to consider many favorable equities in its consideration of his request. We disagree. A review of the BIA's opinion indicates that it adequately identified and considered all the factors bearing on Ulloa's application. The BIA considered the factors in favor of granting relief, including Ulloa's 27-year residence in this country, beginning at age 7, and the hardship of separating his family ties with his young daughter, his parents, and five siblings who all live in the United States. The BIA characterized these favorable factors as "outstanding equities." The BIA also noted Ulloa's work history and his promises to reform his drug and alcohol abuse.
 
 
 5
 The BIA found, however, that these equities were outweighed by unfavorable factors, particularly Ulloa's numerous drug and alcohol related offenses. Ulloa has been convicted twice for possession of a controlled substance, twice for being under the influence of a controlled substance, once for carrying a loaded firearm in public, and four times for drunk driving. He also had his probation revoked after failing a drug test. Ulloa has been arrested for numerous other offenses, but the charges were dropped or reduced to the above convictions. The BIA did not abuse its discretion in weighing the equities in Ulloa's case.
 
 
 6
 Ulloa also contends that the BIA's finding that he is not rehabilitated is not supported by substantial evidence, especially since the BIA ignored the fact that Ulloa has passed monthly drug tests since his release from jail. The BIA did note this fact. They found, however, that Ulloa did not make a strong showing of rehabilitation given his previous failed attempts at reform, his failure to complete a drug and alcohol rehabilitation program, his admitted continued drinking, and his on-going exposure to "the wrong people" whom he blames for his drug use. The BIA's finding is supported by substantial evidence, thus we cannot disturb it.
 
 
 7
 Because the BIA's findings are supported by substantial evidence and because it supported its conclusion with a reasoned explanation based upon legitimate concerns, it did not abuse its discretion by dismissing Ulloa's appeal of the IJ's denial of discretionary relief. See Ayala-Chavez, 944 F.2d at 642.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3