89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Neal Andrew CARR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70373.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1996.
Decided June 25, 1996.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,* District Judge.
 
 MEMORANDUM
 
 2
 Carr petitions us to review the decision of the Board of Immigration Appeals (Board), holding him deportable under section 241(a)(2)(C) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1251(a)(2)(C). We have jurisdiction pursuant to 8 U.S.C. § 1105a. We rejected his due process claim in denying his petition in an opinion. We dispose of Carr's remaining issues in this disposition.
 
 
 3
 As stated in our accompanying opinion, we review the Board's determination of questions of law de novo, but we give deference to the Board's interpretation of the Act.
 
 
 4
 Carr asserts several constitutional challenges against the refusal by the Immigration and Naturalization Service (Service) to recognize an expungement. He argues that the Service had a duty to use notice and comment procedures before adopting its expungement policy. This argument is frivolous. Courts give agencies broad discretion to use rule-making or to proceed by case-by-case adjudication. SEC v. Chenery Corp., 332 U.S. 194, 202-03 (1947). The Service did not abuse its discretion in using case-by-case adjudication. Notice and comment rule-making is not required each time the Service denies benefits to a certain group of applicants; it is required only under certain, limited conditions. See Mada-Luna v. Fitzpatrick, 813 F.2d 1006 (9th Cir.1987). Carr points to no reason why the Service's use of case-by-case adjudications constitutes an abuse of discretion, nor does he give reasons why the Service's choice of adjudicatory method violates his due process rights. In the absence of such a showing, we will defer to the Service's discretion. See Ruangswang v. INS, 591 F.2d 39 (9th Cir.1978).
 
 
 5
 Carr also asserts an equal protection argument based upon the statutory scheme for discretionary relief available for excludable aliens, but not aliens, like himself, who are guilty of deportable crimes, which are not excludable. He also argues that somehow this distinction among crimes represents an "abuse of prosecutorial discretion."
 
 
 6
 The Act allows discretionary relief only for exclusion. See 8 U.S.C. § 1182(c). The Act specifies numerous offenses which are grounds for exclusion. See 8 U.S.C. § 1182(a). The relief is not available to those aliens who face deportation due to violation of those crimes which warrant deportation. These deportable crimes are separately enumerated at 8 U.S.C. § 1251(a).
 
 
 7
 Failing to follow a strict reading of these statutory provisions, courts have held that relief under section 1182(c) is available not only to those convicted of excludable crimes, but to those convicted of certain deportable crimes as well. Following the lead of other circuits, we have held that a person deported because he violated one of the enumerated deportable crimes may seek the exclusion waiver if the deportable crime is analogous to an excludable crime. Tapia-Acuna v. INS, 640 F.2d 223, 225 (9th Cir.1981).
 
 
 8
 Carr wants us to take the next step and rule that all deportable crimes have section 1182(c) relief available. See Bedoya-Valencia v. INS, 6 F.3d 891 (2d Cir.1993) (ruling that as a matter of statutory interpretation relief is available to those convicted of all deportable crimes). However, our law is to the contrary, either as a matter of constitutional equal protection or statutory interpretation. See Cabasug v. INS, 847 F.2d 1321 (9th Cir.1988).
 
 
 9
 PETITION DENIED.
 
 
 
 *
 Honorable William D. Browning, United States District Judge, District of Arizona, sitting by designation