RYMER, Circuit Judge,
concurring in part and dissenting in part:
It is rational to distinguish between aliens who were deportable and those who were not when they entered a plea of guilty to a crime that IIRIRA retroactively makes an aggravated felony because those who — like Cordes — were not deportable could not have relied on the availability of § 212(c) relief, whereas those who — unlike Cordes — were deportable could have relied on that possibility. That’s why, in a nutshell, there is no equal protection violation. Accordingly, while I agree that United States v. Velasco-Medina, 305 F.3d 839 (9th Cir.2002), forecloses Cordes’s claim that she is eligible for § 212(c) relief under INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and that the retroactive application of IIRIRA’s definition of aggravated felony to render her deportable did not violate due process, I disagree that Cordes’s ineligibility for § 212(c) relief violates equal protection.
First, the majority concludes that Cordes as a lawful permanent resident is similarly situated to those permanent residents who are entitled to § 212(c) relief under St. Cyr. This is not so, because she and Velasco-Medina were not deportable and did not rely on availability of § 212(c) relief when they pled guilty. Second, the majority holds that the disparate treatment of Cordes and those permanent residents who are entitled to § 212(c) relief under St. Cyr lacks a rational basis. It doesn’t, because it is not wholly irrational to preserve § 212(c) relief for those who relied on the availability of a discretionary waiver to avoid deportation.
The majority believes that it is not rational to allow lawful permanent residents who have “committed worse crimes than Cordes” to apply for § 212(c) relief while denying her the same opportunity.[1] Maj. op. However, this is not the reason that Cordes is ineligible for § 212(c) relief. Under the law in effect at the time of Cordes’s guilty plea, a lawful permanent resident who suffered a conviction for a deportable offense might have had the opportunity of applying for § 212(c) relief. Cordes did not have this opportunity at the time she pled guilty because she didn’t need it: her conviction did not render her deportable. In other words, Cordes was no worse off and, indeed, was much better situated, than a lawful permanent resident *900 convicted of a deportable offense. This is because she was not deportable and was entitled to stay in this country, whereas the deportable lawful permanent resident could only remain if granted § 212(c) relief. It is hard to imagine a lawful permanent resident preferring to be eligible for § 212(c) relief from deportation, to not being deportable at all. In short, Cordes was not deportable and so was not similarly situated to a lawful permanent resident who was deportable.
It follows from St Cyr and Velasco-Medina that in these circumstances, Cordes’s ineligibilty for § 212(c) relief is not “wholly irrational” and does not offend equal protection. Taniguchi v. Schultz, 303 F.3d 950, 957 (9th Cir.2002) (citation and internal quotation marks omitted). St. Cyr preserves eligibility for § 212(c) relief for some lawful permanent residents even after IIRIRA reclassified their convictions as aggravated felonies when the retroactive application of IIRIRA to deny eligibility for discretionary waiver would “attachf ] a new disability, in respect to transactions or considerations already past.” St. Cyr, 533 U.S. at 321, 121 S.Ct. 2271 (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). This would be so, for example, with respect to those whose guilty plea (before IIRIRA) would have made them deportable and who could have relied on continuing to be eligible for § 212(c) relief after IIRIRA. However, as we hold in this ease, IIRIRA does not have an impermissible retroactive effect as applied to Cordes because she could not have pled guilty in reliance on eligibility for § 212(c) relief. Velasco-Medina, 305 F.3d at 849-50. It is perfectly rational for a lawful permanent resident’s eligibility for § 212(c) relief after IIRIRA has reclassified her crime of conviction as an aggravated felony to turn on whether she relied on the possibility of § 212(c) relief when she entered into a plea agreement.
Tapia-Acuna v. INS, 640 F.2d 223 (9th Cir.1981), and Servin-Espinoza v. Ashcroft, 309 F.3d 1193 (9th Cir.2002), which the majority says “are relevant authority here,” maj. op., have nothing to do with this case. Both determined that it was irrational for the law to prefer excludable over deportable aliens with respect to § 212(c) relief, but reliance was not a factor in either situation. Even though St. Cyr and Velasco-Medina might allow permanent residents who have committed “worse crimes” than Cordes to remain eligible for § 212(c) relief, this is only because they — unlike Cordes — pled in reliance on such relief.
Finally, equity may well “weight ] in favor of’ allowing Cordes a shot at § 212(c) relief, as the majority says, maj. op., but equal protection turns on irrational inequality, not inequity. It is not wholly irrational to save the opportunity of applying for a discretionary waiver of deportation for lawful permanent residents who were deportable when they pled guilty to a crime that was reclassified as an aggravated felony and relied on its continuing to be available, but not to create an opportunity for those who were not deportable and had no reason to rely upon the possibility of applying for a waiver when they entered a plea.
I would affirm across the board.

. This is not what Cordes argues, although the bottom line is the same. Based on the statutory scheme, Cordes argues that it is irrational for the law to treat lawful permanent residents with two convictions for a crime involving moral turpitude better than it did her, with only one such conviction. See 8 U.S.C. § 1251(a)(2)(A)(ii) (1995). She also argues that she was treated worse than aliens with a conviction for a crime involving moral turpitude who departed the country and returned. This argument also fails because aliens with a conviction who departed were at risk of being denied reentry because they were considered inadmissible. See 8 U.S.C. § 1182(a)(2)(A)(i) (1995). Cordes was not at risk of deportation at the time of her conviction, and therefore did not need to apply for § 212(c) relief and could not reasonably have relied upon its availability.