**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS FLORES-PELAYO, | No. 06-75135 |
| Petitioner, | Agency No. A037-429-770 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2010[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Jesus Flores-Pelayo ("Flores"), a native and citizen of Mexico and

permanent resident of the United States, was convicted of lewd and lascivious acts

with a child in violation of California Penal Code § 288. Flores was charged as

removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act for his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conviction of an aggravated felony offense. After a merits hearing, the immigration judge ("IJ") found that Flores's conviction constituted an aggravated felony, denied his application for § 212(c) relief, and ordered his removal to Mexico. At his initial removal proceeding, Flores was represented by Michael Johnson-Ortiz, who has since been disbarred, in part for his deficient performance with regard to his representation of Flores. Flores submitted a motion to reopen based on ineffective assistance of counsel, which the IJ denied. The Board of Immigration Appeals ("BIA") dismissed Flores's appeals from both decisions, as well as his motion to reconsider its order.

On appeal, we granted the government's unopposed motion to remand based on Maravilla Maravilla v. Ashcroft, 381 F.3d 855 (9th Cir. 2004), which held that to establish ineffective assistance of counsel, a prima facie showing of eligibility for relief was not necessary, and an alien need only to show that counsel's assistance was so inadequate that it may have affected the case's outcome. On remand, the BIA again denied relief, noting that there was no dispute about the underlying facts pertaining to Flores's aggravated felony offense and that any ineffective assistance by counsel would not have affected the outcome. Flores now petitions for review of the BIA's denial of his motion to reconsider, and of the

2

BIA's dismissal of his appeal of the IJ's order denying his motion to reopen based on a claim of ineffective assistance of counsel.

We conclude that any ineffective assistance of counsel in Flores's initial removal proceeding is immaterial, because after our recent en banc decision in Abebe v. Mukasey, Flores is no longer statutorily eligible for § 212(c) relief. 554 F.3d 1203, 1205 (9th Cir. 2009) (en banc) (overruling Tapia-Acuna v. INS, 640 F.2d 223 (9th Cir. 1981), and holding that "[u]nder its plain language, section 212(c) gives the Attorney General discretion to grant lawful permanent residents relief only from *inadmissibility*—not deportation." (footnote omitted)).  Because Flores has not challenged his removability and has petitioned for no other relief, there is no basis on which we may grant relief.

**PETITION DENIED.**