### Roberto MERCADO–AMADOR, Petitioner/Plaintiff,

v.

**Janet RENO, Attorney General of the United States, Doris Meissner, Commissioner, Immigration and Naturalization Service, Department of Justice and David V. Beebe, District Director, Immigration and Naturalization Service, Portland, Oregon, Respondents/Defendants.**

Civ No. 98–1593–RE.

United States District Court,
D. Oregon.

May 4, 1999.

1220

Jeffrey T. Noles, Robert P. Neale, Portland, Oregon, for petitioner/plaintiff.

Kristine Olson, United States Attorney, Craig Casey, Assistant United States Attorney, Portland, Oregon, Russell J.E. Verby, Office of Immigration Litigation, Civil Division, United States Department of Justice, Ben Franklin Station, Washington, D.C., for respondent/defendants.

## OPINION AND ORDER

REDDEN, District Judge.

The matter before the court is the defendants' motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. During oral argument on that motion, defendants raised the question of whether this court has jurisdiction in light of the Supreme Court's recent decision in *Reno v. American–Arab Anti-Discrimination Committee*, 525 U.S. ——, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (*"AADC"*). I conclude that the court does have jurisdiction. On the merits, defendants' motion to amend the judgment is denied.

### *Procedural Background*

Roberto Mercado–Amador ("Mercado") filed a petition for a writ of habeas corpus, a complaint for declaratory and injunctive relief, and a motion for a stay of deportation on December 17, 1998. He challenges the legality of a final order of deportation entered against him by the Immigration and Naturalization Service ("INS").

Mercado, a lawful permanent alien in the United States since 1990, was convicted in Oregon state court of delivery of a controlled substance in 1993. He was sentenced to three years of probation and ordered to complete 240 hours of community service and pay a $454.00 fine. He did so.

On March 27, 1996 [before passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") ], the INS issued an order to show cause, alleging that Mercado was deportable pursuant to Immigration and Naturalization Act ("INA") §§ 241(a)(2)(B)(i) and (iii), for having committed a drug-related "aggravated felony," as that term is defined by INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). The INS served the show cause order on Mercado December 23, 1996 (after passage of the AEDPA). A deportation hearing was held, at which Mercado requested relief from deportation pursuant to § 212(c) of the INA, 8 U.S.C. § 1182(c), a provision granting the Attorney General discretion to waive deportation on humanitarian grounds.

Meanwhile, on April 24, 1996, the AEDPA had gone into effect. Under § 440(d) of the AEDPA, aliens who are deportable for having committed drug-related aggravated felony offenses are ineligible for a humanitarian waiver of deportation. At Mercado's deportation hearing, the Immigration Judge ("IJ") continued the proceedings to allow Mercado to brief the issue of whether the AEDPA precluded him from applying for § 212(c) relief.

On September 17, 1997, the IJ, relying on the Attorney General's opinion in *Matter of Soriano*, Int.Dec. 3289 (A.G.1997) determined that § 440(d) retroactively eliminated § 212(c) relief and ordered Mercado deported. Mercado appealed to the Board of Immigration Appeals ("BIA"), which issued a decision on October 21, 1998, denying the appeal and af-

firming the IJ's deportation order. Mercado then filed this action.

In his habeas petition, Mercado asserted that the application of AEDPA § 440(d) to preclude him from seeking a humanitarian waiver of deportability constituted a retroactive application of the law, in violation of due process. He also contended that application of § 440(d) to him was a denial of equal protection.

On February 3, 1999, I issued an opinion in Mercado's favor, concluding that because Mercado was in deportation proceedings before the AEDPA became effective, retroactive application of § 440(d) violated his right to due process. Because the due process violation was dispositive, I did not reach. the equal protection question.

As a threshold issue in that opinion, I held that the court had subject matter jurisdiction to consider Mercado's claims pursuant to 28 U.S.C. § 2241, under the Court of Appeals decision in *Magana–Pizano v. I.N.S.*, 152 F.3d 1213 (9th Cir. 1998). I now revisit the jurisdiction question because the Supreme Court has vacated *Magana–Pizano* for reconsideration in light of *AADC. Magana–Pizano v. INS,* —— U.S. ——, 119 S.Ct. 1137, 143 L.Ed.2d 206 (1999).

### INA, AEDPA and IIRIRA

Section 106 of the INA, 8 U.S.C. § 1105a, enacted in 1961, made review of deportation orders by the courts of appeals, without preliminary recourse to the district courts, the exclusive method of judicial review. However, the INA provided for habeas corpus review by the district court in § 106(a)(9) of the Act, 8 U.S.C. § 1105a(a)(9) [later renumbered (10) ]. Of course, the grant of a district court's habeas corpus jurisdiction is also found at 28 U.S.C. § 2241, and this provision is worded broadly enough to include aliens held under an order of deportation and awaiting execution of the order. The two jurisdictional grants are sometimes referred to as "statutory" habeas and "constitutional" habeas, respectively.

In April 1996, Congress enacted the AEDPA. Sections 401(e) and 440(a) of the AEDPA deleted the former text of 8 U.S.C. § 1105a(a)(1), the section providing for habeas review for aliens in custody, and substituted the following: "Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense [covered in the deportation provisions of the INA] shall not be subject to review by any court." AEDPA § 440(a), 8 U.S.C. § 1105a(a)(10).

Congress then passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which took effect on September 30, 1996. The IIRIRA contains two sets of provisions, one transitional and the other permanent. The transitional provisions, not codified, govern removal proceedings commenced before April 1997 in which the deportation order became administratively final after October 30, 1996. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997) (transitional rules apply to cases in which final deportation or exclusion order filed after October 30, 1996, and which were pending before April 1, 1997). The INS issued Mercado's order to show cause on March 27, 1996; the order was served on December 23, 1996, and filed with the immigration court in February 1997. The deportation order became final in October 1998. This case, therefore, falls within the transitional provisions.

One of the transitional provisions, IIRIRA § 309(c)(4)(G), provides, in relevant part:

> [T]here shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their

date of commission, otherwise covered by section 241(a)(2)(A)(I) of such Act (as so in effect).

Thus, under the transitional rules, Mercado has no means of seeking relief from either the district court or the Court of Appeals under the INA; his only remedy is a habeas corpus petition under § 2241.

The permanent changes to the IIRIRA govern proceedings commenced after April 1, 1997. See IIRIRA § 309(a). The IIRIRA's permanent provisions repealed 8 U.S.C. § 1105a in its entirety with respect to proceedings that were initiated on or after April 1, 1997, and relocated the rules governing judicial review to 8 U.S.C. § 1252.

Included in § 1252 is a catch-all provision, subsection (g), which reads as follows:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

IIRIRA § 242(g), 8 U.S.C. § 1252(g). Although the general rule set out in § 309(c)(1) of the IIRIRA is that the permanent provisions of the IIRIRA do not apply to aliens already in exclusion or deportation proceedings on the IIRIRA's effective date, § 306(c)(1) of the IIRIRA directs that § 1252(g) "shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act."

### Jurisdiction after AEDPA and IIRIRA

There is at present no controlling authority from the Court of Appeals to guide the court's analysis of whether it has jurisdiction to hear Mercado's habeas petition.

In *Hose v. INS* 141 F.3d 932, 935 (9th Cir.), *withdrawn and reh'g en banc granted,* 161 F.3d 1225 (9th Cir.1998) the Court of Appeals held that § 1252(g) applied retroactively and deprived the district court of jurisdiction to hear an alien's habeas petition under § 2241, reserving only the Court of Appeals' jurisdiction to review a final order of removal. However, Hose has been withdrawn for rehearing *en banc.*

In *Magana–Pizano v. INS,* 152 F.3d 1213 (9th Cir.1998), *cert. granted, judgment vacated,* 119 S.Ct. 1137 (1999), which was decided before *Hose* was withdrawn, the Ninth Circuit followed *Hose* and noted that "the remedy of habeas corpus [is] not available in immigration cases when a right of direct review exist[s]." 152 F.3d at 1217. The panel seemed reluctant to follow *Hose's* construction of § 1252(g), and distinguished *Hose* on the ground that because Magana–Pizano had established that direct review by the Court of Appeals was not available to him, and he therefore had no other avenue for judicial review, the court was required to provide habeas relief to avoid violating the Suspension Clause of the United States Constitution.

In *AADC,* originally a Ninth Circuit case, the Supreme Court granted certiorari to decide the issue of "[w]hether, in light of the IIRIRA, the courts below had jurisdiction to entertain respondents' challenge to the deportation proceedings prior to the entry of a final order of deportation?" See —— U.S. ——, 118 S.Ct. 2059, 141 L.Ed.2d 137 (1998). The Supreme Court held that under § 1252(g), a court had no jurisdiction to entertain challenges to the Attorney General's decision or action to commence proceedings, adjudicate cases, or execute removal orders, but that a court had jurisdiction over other challenges not encompassed within these three discrete actions. 119 S.Ct. at 943. The Court concluded that the petitioners in *AADC,* who were challenging deportation on the ground of selective prosecution, had asserted a claim based on the Attorney General's decision to commence proceedings and therefore the courts were without jurisdiction to hear their case. *Id.* at 945.

When *AADC* was decided, a petition for certiorari was pending in *Magana–Pizano.* The Court vacated *Magana–Pizano* for further consideration in light of *AADC.*

However, in view of the issue involved in *AADC,* the Court's vacation of *Magana–Pizano* can only be seen as a *rejection* of the Ninth Circuit's holding that the courts lacked habeas jurisdiction under § 2241 because of § 1252(g). This is borne out in a footnote in *AADC,* where the Court acknowledged the split in the circuits over habeas jurisdiction, but did not address or resolve the issue. 119 S.Ct. at 941, n. 7. Cases holding that § 1252(g) eliminated habeas jurisdiction under § 2241 include *Richardson v. Reno,* 162 F.3d 1338, 1345 (11th Cir.1998), *petition for cert. filed,* 67 USLW 3561 (Feb. 23, 1999) and *LaGuerre v. Reno,* 164 F.3d 1035 (7th Cir.1998). Cases holding that habeas jurisdiction under § 2241 survives include *Ramallo v. Reno,* 114 F.3d 1210 (D.C.Cir.1997); *Goncalves v. Reno,* 144 F.3d 110 (1st Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1140, 143 L.Ed.2d 208 (1999); *Henderson v. INS,* 157 F.3d 106 (2d Cir.1998), *cert. denied sub nom. Reno v. Navas,* —— U.S. ——, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999); and *Sandoval v. Reno,* 166 F.3d 225 (3d Cir.1999). A district court in the District of Columbia has held that neither AEDPA nor IIRIRA deprived it of jurisdiction under § 2241. *Lee v. Reno,* 15 F.Supp.2d 26 (D.D.C.1998). Judge Dwyer of the Western District of Washington recently held, in *Hill v. United States,* No. C99–121WD (Order, April 12, 1999), that the district court retained habeas jurisdiction under § 2241. I note that the Supreme Court has denied certiorari in *Goncalves* and *Henderson* since *AADC* was decided; this suggests that the Court does not view its interpretation of the INA in *AADC* as foreclosing habeas jurisdiction under § 2241.

■ I am persuaded that the court retains jurisdiction under 28 U.S.C. § 2241 to hear claims based on non-discretionary statutory and constitutional questions. I base my conclusion in part on the judicial doctrine disfavoring repeal of jurisdictional statutes by implication, and the application of that doctrine to the jurisdiction of courts to hear habeas petitions in *Felker v.*

*Turpin,* 518 U.S. 651, 660–61, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

■ In general, legislative repeals by implication are not recognized by courts insofar as two statutes are capable of coexistence, "absent a clearly expressed congressional intention to the contrary." *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 108, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). Implied repeals will only be found when the new statute is clearly repugnant, in words or purpose, to the old statute. *See Ex parte Yerger,* 75 U.S. (8 Wall.) 85, 105, 19 L.Ed. 332 (1868); *Northwest Forest Resource v. Pilchuck Audubon Society,* 97 F.3d 1161, 1166 (9th Cir.1996) *citing Grindstone Butte Project v. Kleppe,* 638 F.2d 100, 102 (9th Cir.1981).

In *Felker,* a unanimous decision, the Court declined to find a repeal of 14 of the Judiciary Act of 1789 (granting the Supreme Court original jurisdiction over habeas petitions) in a provision of the AEDPA precluding the Supreme Court from reviewing, by appeal or petition for certiorari, a judgment on an application for leave to file a second habeas petition in district court. Section 14 of the Judiciary Act of 1789 is "the direct ancestor of 28 U.S.C. § 2241." *Felker,* 518 U.S. at 659 n. 1, 116 S.Ct. 2333. The *Felker* Court relied on *Ex parte Yerger,* 75 U.S. (8 Wall.) 85, 105, 19 L.Ed. 332 (1868), saying, "As we declined [in *Yerger* ] to find a repeal of § 14 of the Judiciary Act of 1789 as applied to this Court by implication then, we decline to find a similar repeal of § 2241 of Title 28—its descendant, n. 1, supra—by implication now." 518 U.S. at 661, 116 S.Ct. 2333. Applying the Supreme Court's analysis to the district court's habeas jurisdiction in this case, I conclude that jurisdiction under § 2241 has not been implicitly repealed by the amendments to the INA.

The court now moves to the merits of defendant's motion to amend the judgment.

*Analysis of retroactivity and due process claims*

 I am not persuaded by the defendants' argument that Mercado was not in deportation proceedings until the order to show cause was filed in immigration court. As of the time the order to show cause was issued, the INS had the power to arrest him; commencement of the case in immigration court was subject only to the vagaries of administrative scheduling. From a due process standpoint, Mercado was subject to the deportation power of the INS as of the time the show cause order issued; fairness requires that the INS, having placed Mercado under its authority, should also live with the results of that decision. I note that Judge Dwyer, in his *Hill* decision, found that Hill was "in deportation proceedings" as of the time the order to show cause issued—an issue apparently not in dispute in that case.

In view of this conclusion, I adhere to my ruling on February 3, 1999, that retroactive application of AEDPA § 440(d) to Mercado was a denial of due process. Mercado is entitled to have his application for discretionary relief under § 212(c) considered.

 Mercado has also contended that application of § 440(d) to him violates equal protection because in affording discretionary relief under § 212(c), the INS discriminates between lawful permanent residents in deportation proceedings and those in exclusion proceedings, without a rational basis for such discrimination. I agree.

Classifications among aliens satisfy equal protection requirements if the classifications are supported by a rational basis. *Paointhara v. INS,* 708 F.2d 472, 473 (9th Cir.), *amended,* 721 F.2d 651 (9th Cir. 1983).

Before the AEDPA and the IIRIRA were passed, the INS made relief under § 212(c) available to aliens whether in deportation or exclusion proceedings. *Matter of Silva,* 16 I. & N. Dec. 26, 30 (1976). It did so voluntarily, in response to *Francis v. INS,* 532 F.2d 268 (2d Cir.1976), adopted by the Ninth Circuit in *Tapia–Acuna v. INS,* 640 F.2d 223, 225 (9th Cir.1981). In *Francis* and *Tapia–Acuna,* the courts had held that an application of § 212(c) which granted relief to aliens in exclusion proceedings, but not to those in deportation proceedings, violated equal protection because the factors which distinguished the two groups were "irrelevant and fortuitous" and there was no rational basis for differentiating between them. As the court said in *Tapia–Acuna,* "no purpose would be served by giving less consideration to the alien 'whose ties with this country are so strong that he has never departed after his initial entry' than to the alien 'who may leave and return from time to time.'" 640 F.2d at 225, *quoting Francis,* 532 F.2d at 273.

When the AEDPA was enacted, § 440(d) amended § 212(c), adding the provision that

> [t]his subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in Section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by Section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by Section 241(a)(2)(A)(i).

This amendment on its face denied § 212(c) relief to deportable aliens, but the INS interpreted it to deny relief to aliens in either exclusion or deportation proceedings. *See generally In re Fuentes–Campos,* BIA 3318, 1997 WL 269368 (1997).

The IIRIRA, enacted in September 1996, repealed § 212(c) as amended by AEDPA § 440(d). Section 304(a)(7) consolidated deportation and exclusion proceedings into a single category of "removal" proceedings. The IIRIRA eliminated the equal protection problem, because now § 212(c) relief is unavailable to criminal aliens regardless of whether they are in exclusion or deportation proceedings. However, the IIRIRA amendments did not take effect until April 1, 1997, and do not govern deportation proceedings pending

before that date. Since Mercado's deportation proceedings were pending before April 1, 1997, the IIRIRA does not apply to Mercado.

In May 1997, the BIA determined in *Fuentes–Campos* that § 440(d) was limited to aliens in deportation proceedings, and not to aliens in exclusion proceedings. *See Almon v. Reno*, 13 F.Supp.2d 143, 145 (D.Mass.1998). Now the new provision suffered from the same constitutional infirmity as the old, and several district courts have held that, once again, there is no rational basis for allowing aliens who leave the country after their convictions an opportunity to apply for discretionary relief, while denying the same opportunity to aliens who remain in the country and become deportable for the same convictions. *See, e.g., Hill v. United States, supra; Gutierrez–Perez v. Fasano*, 37 F.Supp.2d 1166 (S.D.Cal.1999); *DeSousa v. Reno*, 30 F.Supp.2d 844 (E.D.Pa.1998); *Almon v. Reno*, 13 F.Supp.2d 143 (D.Mass.1998); *Vargas v. Reno*, 966 F.Supp. 1537 (S.D.Cal.1997); *Cruz Walters v. Reno*, 16 F.Supp.2d 166 (D.P.R.1998); *Jurado–Gutierrez v. Greene*, 977 F.Supp. 1089 (D.Colo.1997).

I conclude that the INS's application of § 440(d) to preclude applications for discretionary relief from aliens in deportation' proceedings, but not from aliens in exclusion proceedings, is a violation of equal protection because there is no rational basis for such a distinction. Accordingly, Mercado's petition is granted on that basis as well as on due process grounds.

### Conclusion

The court has jurisdiction over this matter under 28 U.S.C. § 2241. Defendants' motion to amend the judgment (doc. # 13) is DENIED.

IT IS SO ORDERED.