**Jose L. CANELA, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**No. CIV. A. 99–3785.**

United States District Court, E.D. Pennsylvania.

Sept. 8, 1999.

Jose Canela, Perth Amboy, NJ, pro se.

Stephen J. Britt, U.S. Atty.'s Office, Philadelphia, PA, for U.S. Dept. of Justice.

### MEMORANDUM & ORDER

KATZ, District Judge.

Before the court is a pro se "complaint" from Jose Canela, requesting that the court stop his scheduled deportation. The court construes this as a habeas corpus petition pursuant to 28 U.S.C. § 2241, as does the government's response.

*Background*

Mr. Canela's petition to the court is sparse on detail, but his submission, the government's response, and the opinion from the Board of Immigration Appeals (BIA) reveal the relevant facts of this case. Mr. Canela is a citizen of the Dominican Republic who has spent much of his life in the United States. The court infers from the letter submitted by the petitioner that he has two children and a wife who may be American citizens, and he has recently been given a permanent job at Cosmair, Inc., with advancement opportunities. *See* Petitioner's Compl.

Mr. Canela entered the United States as a lawful permanent resident on October 16, 1986. On September 2, 1994, Mr. Canela was convicted of possession and distribution of cocaine. On June 27, 1995, Mr. Canela was issued an Order to Show Cause (OSC) asserting that he was subject to deportation for being an aggravated felon and for his conviction of a controlled substance offense pursuant to 8 U.S.C. §§ 1251(a)(2)(A)(iii), 1251(a)(2)(B)(i). *See* Gov't Ex. 1. The OSC was not filed with the immigration judge (IJ) until December 18, 1996. On June 3, 1997, the IJ ordered Mr. Canela deported, *see* Gov't Ex. 1, and,

on June 30, 1999, the BIA affirmed that decision in a written opinion. Both the IJ and the BIA refused to consider Mr. Canela's application for discretionary relief because they believed that he was precluded from raising the defense by the enactment of a superseding law. *See In re Canela,* Unpublished Disposition at 2 (BIA June 30, 1999) (Gov't Ex. 1).

*Discussion*

The issue before the court is the availability of discretionary relief pursuant to 8 U.S.C. § 1182, known as section 212(c) relief. This statute previously permitted aliens who met certain qualifications, including seven years of residency in the United States, to apply for a waiver of deportation.[1] However, as thoroughly described by the Third Circuit, section 440(d) of the Anti–Terrorism and Effective Death Penalty Act (AEDPA) amended the Immigration and Nationality Act to make this discretionary relief unavailable for most aliens who have been convicted of drug offenses. *See Sandoval v. Reno,* 166 F.3d 225, 228 (1999) (describing statutory changes). In *Sandoval,* the Third Circuit held that 212(c) relief was still available to aliens whose cases were "pending" on the date of the enactment of section 440(d), April 24, 1996. *See id.* at 229, 242. Thus, as the government agrees, the only matter before the court is whether Mr. Canela's case was pending on or before April 24, 1996. If it was, the IJ and the BIA erred in refusing to consider the merits of his

application; if it was not, the IJ and the BIA acted properly.[2]

The response submitted by the Department of Justice argues that Mr. Canela's case was not pending prior to the date of AEDPA's enactment based upon regulations stating, "Every removal proceeding conducted under section 240 of the Act to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the Immigration Court." 8 C.F.R. § 239.1(a). As the notice was not filed with the IJ until December 1996, well after the date of AEDPA's enactment, the respondent argues that Mr. Canela is barred from requesting section 212(c) relief.

There has been, to this court's knowledge, no case law directly interpreting this regulation, although the respondent has brought to this court's attention various decisions that have stated without analysis that a case commences with the filing of an OSC before an IJ. *See, e.g., Howell v. INS,* 72 F.3d 288, 290 (2d Cir.1995) (reciting former regulation without analysis); *Dokic v. INS,* 899 F.2d 530, 531–32 (6th Cir.1990) (same).[3] The court believes that these comments have little relevance to the present case, as none of them addressed the question of whether an alien who was issued an OSC prior to the date of AEDPA's enactment should be barred from applying for discretionary relief because the INS failed to file that same OSC with the immigration court until after AEDPA's enactment.[4]

1. While the respondent does not discuss Mr. Canela's eligibility for 212(c) relief, the court believes that Mr. Canela has at least a colorable claim based on the facts submitted with his "complaint." *See Sandoval v. Reno,* Civ. A. No. 97–7298, 1997 WL 839465, at *2–3 (E.D.Pa. Dec. 30, 1997) (describing requirements for 212(c) relief, including seven years residency and unusual hardship resulting from deportation).

2. The court has jurisdiction to hear this habeas claim. *See Sandoval,* 166 F.3d at 238; *see also Desousa v. Reno,* 190 F.3d 175, 181–82 (3d Cir.1999) (holding that the Supreme Court's decision in *Reno v. American–Arab Committee,* U.S., 525 U.S. 471, 119 S.Ct. 936,

142 L.Ed.2d 940 (1999), did not remove jurisdiction).

3. While the respondent refers to *Ceballos de Leon v. Reno,* 58 F.Supp.2d 463, 470 (D.N.J. 1999), the alien in that case did not receive an OSC until August 12, 1996, well after the date on which AEDPA was enacted.

4. In so holding, the court does not find that the AEDPA is impermissibly retroactive simply because it is applied to conduct that occurred prior to its enactment. This holding is foreclosed by the Third Circuit's recent ruling in *Desousa v. Reno,* 190 F.3d 175, 185–87 (3d Cir.1999).

The date at which the regulations consider a case to have commenced is essentially random. *See Wallace v. Reno*, 24 F.Supp.2d 104, 113 (D.Mass.1998).[5] Had the INS completed the administrative task of filing the OSC with the IJ promptly, Mr. Canela may well have been eligible for 212(c) relief even under the agency interpretation. Consequently, the court accepts the reasoning of another district court faced with a similar issue:

> I am not persuaded by the defendants' argument that [petitioner] was not in deportation proceedings until the order to show cause was filed in immigration court. As of the time the order to show cause was issued, the INS had the power to arrest him; commencement of the case in immigration court was subject only to the vagaries of administrative scheduling. From a due process standpoint, [petitioner] was subject to the deportation power of the INS as of the time the show cause order issued; fairness requires that the INS, having placed [petitioner] under its authority, should also live with the results of that decision.

*Mercado–Amador v. Reno*, 47 F.Supp.2d 1219, 1224 (D.Or.1999). The court finds that Mr. Canela's case was pending as of the date he received the OSC, which was prior to AEDPA's enactment. Consequently, his 212(c) claim should be considered on the merits.

The government argues that *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), requires this court to apply the agency's regulation. However, the court does not believe that *Chevron* requires the court to penalize the petitioner for the INS's failure to act in an efficient manner. Under *Chevron*, the court must defer to agency regulations filling in gaps in a statutory framework when they represent a reasonable policy choice given Congress' failure to speak on

an issue. *See id.* at 844, 104 S.Ct. 2778. However, as the Third Circuit emphasized in *Sandoval*, weight is given to such an interpretation when Congress has delegated rule-making power to an agency "and has thereby sought to rely on agency expertise in the formulation of substantive policy." *Sandoval*, 166 F.3d at 239. "An issue concerning a statute's effective date is not one that implicates agency expertise in a meaningful way, and does not, therefore, appear to require *Chevron* deference." *Id.; see also Chevron*, 467 U.S. at 844, 104 S.Ct. 2778 (stating that deference to agency interpretation assumes that agency has special competence in an area). Similarly, the court is not required here to accept the administrative definition of a "commencement" of a proceeding when such weighty substantive results flow from an essentially clerical regulation that was not promulgated to address the question of the retroactive application of a statute. In short, the court finds that this administrative regulation is simply inapplicable to the present situation and that, in this context, a case should be considered constructively pending when the alien himself is subject to the jurisdiction of the INS as described in the OSC.

*Conclusion*

While the court cannot and does not rule on the substance of Mr. Canela's 212(c) application, he must be permitted to raise this argument and have it considered on its merits. The only reason that petitioner's claim is arguably time-barred is because the INS failed to fulfill its administrative duties in a timely fashion. Mr. Canela should not be penalized for the INS's delay.

An appropriate Order follows.

### ORDER

**AND NOW**, this day of September, 1999, upon consideration of the Plaintiff's Petition for Relief from Deportation, con-

---

**5.** The court, again, believes much of *Wallace*'s holding with respect to retroactivity is

foreclosed in this circuit by *Desousa*.

strued as a Petition for Habeas Corpus, and the response thereto, it is hereby **ORDERED** that the Plaintiff's Petition is **GRANTED**. Respondent is directed to reopen Petitioner's case and to consider and rule on the merits of Petitioner's claim for discretionary relief. The court's order of August 6, 1999, staying all proceedings, including detention, shall remain in effect, and respondent is enjoined from deporting petitioner, if at all, until after the administrative and judicial appellate process with respect to respondent's ruling is exhausted.